Commonwealth *v.* Barron, Appellant.

Argued March 18, 1970.   Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Caram J. Abood,* for appellant.

*Alexander Ogle,* District Attorney, for Common-wealth, submitted a brief.

Opinion by Mr. Justice Eagen, April 22, 1970:

The appellant, Fred Ellis Barron, was convicted by a jury in Somerset County of robbery and other related crimes. Post-trial motions were dismissed, and a prison sentence was imposed. On appeal, the Superior Court affirmed the judgment without opinion. We granted allocatur and now reverse.

At trial, Barron testified personally and denied commission of the crimes charged. During cross-examination, the trial court permitted the district attorney, over objection, to question Barron concerning prior criminal convictions "to impeach his credibility." This was prejudicial error and in direct violation of the Act of March 15, 1911, P. L. 20, 19 P.S. §711.

The Act of 1911 specifically states:

"Hereafter any person charged with any crime, and called as a witness in his own behalf, shall not be asked, and, if asked, shall not be required to answer, any question tending to show that he has committed, or been charged with, or been convicted of any offense other than the one wherewith he shall then be charged, or tending to show that he has been of bad character or reputation; unless,—

"One. He shall have at such trial, personally or by his advocate, asked questions of the witness for the prosecution with a view to establish his own good reputation or character, or has given evidence tending to prove his own good character or reputation; or,

"Two. He shall have testified at such trial against a co-defendant, charged with the same offense."

The record discloses no circumstances giving rise to the exceptions mentioned in the statute which would render the challenged cross-examination permissible. The Commonwealth witnesses were not questioned with

a view to establishing Barron's good reputation or character, nor did Barron give evidence to prove such.

As we stated previously, the Act of 1911 must be adhered to "to the letter." *Commonwealth v. Davis*, 396 Pa. 158, 150 A. 2d 863 (1959).

The Commonwealth attempts to excuse the cross-examination on two grounds, neither of which, in our view, "hold water." It is first urged that, in view of the "overwhelming" evidence of Barron's guilt, the error was harmless. As to this position, it is difficult to see how such cross-examination could be harmless or comport with Barron's right to a fair trial. More importantly, such cross-examination is specifically proscribed by statutory mandate with certain enumerated exceptions, none of which permit this type of cross-examination even if the evidence of guilt is "overwhelming."

The Commonwealth next argues that, since on direct examination Barron admitted being on parole for another criminal conviction at the time the offenses here involved were committed, this placed his character in issue and took him beyond the protection of the Act of 1911. We do not agree. This admission clearly did not amount to "evidence tending to prove his own good character or reputation." If anything, the contrary is true.

The Order of the Superior Court and the Judgment of the trial court are reversed and a new trial is granted.