Commonwealth *v.* Smith, Appellant.

Submitted March 16, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John W. Packel,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*James D. Crawford,* Deputy District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 30, 1971:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY SPAULDING, J.:
I respectfully dissent.

Appellant David G. Smith was convicted by a jury on a charge of burglary. He challenges his conviction on grounds that his rights under the Act of March 15, 1911, P. L. 20, 19 P.S. §711[1] were violated when the court allowed him to be cross-examined concerning a prior criminal conviction for the burglary.

There were three conflicting versions of the facts leading to appellant's arrest. The police officers involved claimed that when they attempted to enter the burglarized store, appellant tried to prevent their entrance by holding the door shut. Appellant claimed

---

[1] "Hereafter any person charged with any crime, and called as a witness in his own behalf, shall not be asked, and, if asked, shall not be required to answer, any question tending to show he has committed, or been charged with, or been convicted of any offense other than the one wherewith he shall then be charged, or tending to show that he has been of bad character or reputation; unless—

"One. He shall have at such trial, personally or by his advocate, asked questions of the witness for the prosecution with a view to establish his own good reputation or character, or has given evidence tending to prove his own good character or reputation; or,

"Two. He shall have testified at such trial against a co-defendant, charged with the same offense."

that he was outside the premises, walking by, when the officers put him in a police wagon for "investigation" and subsequently charged him with the burglary. A third version was advanced by one Roy Walker who also had been charged with the same burglary as appellant and who had pleaded guilty at a separate trial. His testimony revealed that appellant was in the building at the time of the arrest but that he was in no way involved in the criminal action, having entered for the sole purpose of persuading Walker and his partner to leave the store.

Appellant chose to testify. On cross-examination the district attorney asked appellant: "Do you know of any reason why Officer Marcus or McDevitt would say that you were inside of Chabes's Wig Shop?" Over objection, he was directed by the court to answer and stated: "Yes, I believe it extended from a police station. . . . After we was taken to the police station and he went through our identification cards I had a parole registration card." During redirect examination appellant elaborated on the discovery by the police that he was on parole: After they found this card one of them remarked that he had to be one of them because he had a registration card. I tried to explain it to them, but that's like talking to myself. On recross-examination, appellant was forced to testify, again over objection, that his previous conviction was for burglary. The district attorney immediately emphasized this answer to the jury by stating: "You mean the same type of crime you are charged with this time?"

The case appears to be governed by *Commonwealth v. Barron*, 438 Pa. 259, 264 A. 2d 710 (1970). There, despite the fact that appellant had admitted on *direct examination* that he was on parole, the Supreme Court held that it was reversible error to question appellant concerning his prior conviction.

Appellee seeks to circumvent *Barron* by arguing that appellant himself introduced his record in an attempt to impeach the testimony of the arresting officers. However, the record discloses that the fact that appellant was on parole was not brought out until cross-examination over the objection of appellant's counsel. Since the Commonwealth initiated the questioning on the subject, in my judgment, it introduced this evidence. Regardless of who introduced the fact that appellant was on parole, *Barron* still necessitates reversal.

Appellee next argues that "*Barron* does not prevent the Commonwealth from delving into a defendant's criminal record if there is a valid purpose other than a general attack on the defendant's reputation." This is of course true. *Commonwealth v. Ross*, 413 Pa. 35, 195 A. 2d 81 (1963); *Commonwealth v. Sindel*, 205 Pa. Superior Ct. 355, 208 A. 2d 894 (1965); *Commonwealth v. Bruno*, 203 Pa. Superior Ct. 541, 201 A. 2d 434 (1964), cert. denied, 379 U.S. 965 (1965); see McCormick, *Handbook of the Law of Evidence*, §157; 1 *Wigmore, Evidence*, §§192-194. In fact, because appellant chose to testify, the Commonwealth did not even need to relate introduction of the evidence to a substantive issue in the case. Whenever a defendant chooses to testify, the state can introduce evidence of his prior convictions to impeach his testimony; see, e.g., *Commonwealth v. McIntyre*, 417 Pa. 415, 208 A. 2d 257 (1965). However, the Act of 1911 makes it impermissible for the state to do so on the actual cross-examination of the defendant. In *Commonwealth v. Davis*, 396 Pa. 158, 150 A. 2d 863 (1959), the Supreme Court held it was reversible error for the district attorney to question the defendant concerning his prior criminal record despite the fact that the prosecution had properly introduced evidence of defendant's prior convictions at two other stages in the trial: (1) at the conclusion of the Commonwealth's case to assist the jury in determining the

penalty to be inflicted, in the event of a finding of guilt; and (2) after defendant had testified, to impeach his credibility. The Supreme Court interpreted the Act of 1911 very strictly in *Barron* and *Davis.* To say that the admission of appellant's previous conviction was not proscribed by the Act of 1911 negates the substance that the Supreme Court has given to that Act.

As the Court said in *Davis,* supra, at 163: "Our disapproval of this type of cross-examination indicates no sympathy for this defendant; it is simply a recognition of the right under law of every person, including this defendant, to a fair and impartial trial, a trial wherein his guilt or innocence of the offense whereof he stands charged is not determined by his past conduct or record."

I would grant appellant a new trial.

JACOBS and HOFFMAN, JJ., join in this dissenting opinion.