Commonwealth *v.* Smith, Appellant.

Argued November 14, 1972; reargued November 22, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY and MANDERINO, JJ.

*Andrea Levin,* Assistant Defender, with her *Jonathan Miller,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*Louis A. Perez, Jr.,* Assistant District Attorney, with him *James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, January 19, 1973:

David Freeman, a/k/a David G. Smith, was tried before a judge and jury on two indictments charging the burglary of adjoining stores located on North Broad Street in Philadelphia. On one indictment, Freeman was convicted, and on the other he was found not guilty. Post-trial motions were denied and a prison sentence was imposed. On appeal the Superior Court affirmed the judgment without opinion. Judge SPAULDING filed a dissenting opinion in which Judges HOFFMAN and JACOBS joined. See 219 Pa. Superior Ct. 508, 281 A. 2d 749 (1971). We granted allocatur and now reverse.

According to two police officers who testified for the Commonwealth at trial, Freeman and two others were caught in one of the stores shortly after midnight.[1] In defense, Freeman denied being in the store and commit-

---

[1] The officers entered the store after discovering a side door slightly ajar and marks indicating the lock had been tampered with.

ting any burglary and testified he was taken into police custody while walking along the street near the store.

On cross-examination, redirect examination and re-cross-examination, the following then ensued:

"[By Mr. Levine, assistant district attorney] : Q. Do you know of any reason why Officer Marcus or Mc-Devitt would say that you were inside of Chabe's wig shop? Mr. Kelly: Objected to, sir. The Court: Over-ruled. By Mr. Levine: Q. Did you understand my question, sir? A. Will you repeat it? Q. Yes. Do you know of any reason why Officers McDevitt or Marcus would say that you were found inside of Chabe's wig shop? A. Yes, I believe it extended from a police sta-tion. Q. I am sorry. Would you explain that, sir? A. After we was taken to the police station and he went through our identification cards I had a parole regis-tration card. Mr. Kelly: Now, sir, I respectfully move for a mistrial. The Court: It was volunteered by your client. Mr. Kelly: It was on cross-examination over objection, sir. The Court: I overruled your objection. By Mr. Levine: Q. In any event, do you know of any reason why they would say that you were inside the store if you weren't? A. I couldn't make up any rea-son."

Subsequently on redirect the following examination was conducted: "By Mr. Kelly: Q. Mr. Freeman, you started to give a reason why you believe Officer Marcus and Officer McDevitt would testify as they have. Would you kindly tell that reason to the jury? A. It was on behalf of the registration card. Q. What was that card? The Court: Speak up, now. The Witness: When I was taken into the police station of Hunting Park when they were going through our things they found a regis-tration card—parole registration card. Q. What does that mean, parole registration card? A. That I am on parole. Q. Is that for a crime that you were supposed to have committed? A. Yes. Q. Go ahead. A. After they

found this card one of them remarked that he had to be one of them because he had a registration card. I tried to explain it to them, but that's like talking to myself."

On recross, the assistant district attorney then asked: "Q. Now, Mr. Freeman, maybe you can clear that up. What was this parole registration card for. MR. KELLY: Objected to. THE COURT: Overruled. MR. LEVINE: What particular crime were you on parole for? MR. KELLY: Objected to. THE COURT: Overruled. THE WITNESS: In 1959 I was on for burglary. BY MR. LEVINE: Q. You mean the same type of crime that you are charged with this time? A. Right. MR. KELLY: I respectfully move for a mistrial, sir."

The cross-examination and recross-examination of Freeman by the district attorney, as above set forth, was in direct violation of the provisions of the Act of March 15, 1911, P. L. 20, 19 P.S. §711. See *Commonwealth v. Barron*, 438 Pa. 259, 264 A. 2d 710 (1970); and *Commonwealth v. Davis*, 396 Pa. 158, 150 A. 2d 863 (1959). It was, therefore, improper and should not have been permitted. The contention that the prejudicial information was volunteered by Freeman is not supported by the record. Likewise, the contention of the Commonwealth that the error was harmless since Freeman's prior conviction for burglary could properly have been introduced in rebuttal cannot be sustained, in view of the absolute statutory mandate proscribing the asking of a criminal defendant on cross-examination questions concerning his prior criminal record. See *Commonwealth v. Davis, supra.*

The order of the Superior Court and the judgment of the trial court are reversed and a new trial is granted.

Mr. Justice NIX took no part in the consideration or decision of this case.

CONCURRING OPINION BY MR. JUSTICE POMEROY:

Our statute, the Act of March 15, 1911, P. L. 20, §1, 19 P.S. §711, forbids the asking of the defendant a question the answer to which would "[tend] to show that he has been committed, or been charged with, or been convicted of any offense other than the one wherewith he shall then be charged. . . ." There are two exceptions to this rule: (1) where the defendant "has given evidence tending to prove his own good reputation or character", or (2) where the defendant has testified at trial against a co-defendant charged with the same offense. On *cross*-examination in the case at bar, the district attorney asked the defendant, who had taken the stand on his own behalf, whether he "[knew] of any reason why Officers McDevitt or Marcus would say that you were found inside Chabe's wig shop?" The witness was being asked to explain a variance between his testimony and that of another witness. Absent a showing that the questioner knew or had reason to know that the answer would tend "to show that [the defendant] . . . has been convicted of any offense other than the one wherewith he shall then be charged . . .", I cannot see that the district attorney thereby violated the statute.

With respect to *recross*-examination, however, I quite agree with the Court that in asking "[w]hat was this parole registration card for", the district attorney did violate 19 P.S. §711, and that the appellant, for that reason, is entitled to a new trial.