Commonwealth *v.* Bunch, Appellant.

Argued January 8, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Ronald B. Abrams,* with him *William J. Lederer,* for appellant.

*Benjamin H. Levintow,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE NIX, November 26, 1973:

The appellant was charged and indicted for the murder of his paramour, Dora Grant and her eight-year old child, Nathan Grant. After trial by jury, in which appellant contended that he was intoxicated and/or insane at the time of the killings, a verdict of murder in the first degree on both indictments was returned. The court en banc dismissed motions for a new trial and in arrest of judgment and a life sentence on each indictment was imposed to run concurrently. Appellant now appeals to this Court.

During the course of the trial appellant took the stand and on cross-examination was questioned as follows by the prosecutor: "Q. Besides that gun, have you ever made it a practice to carry any other kind of weapon? MR. PIRILLO: Objection, Your Honor. It has not been established he carried this weapon. THE COURT: Overruled. THE WITNESS: No, sir. Q. Did you ever carry a straight razor? A. What was the question? Q. Did you ever carry a straight razor? A. Not as I remember. Q. Do you recall one day when a razor dropped out of your pocket when you were visiting Jacqueline, and she asked you what you had it for? MR. PIRILLO: Objection. THE COURT: Overruled. THE WITNESS: I do not recall such a thing."

The preceding colloquy, where appellant had not put his character into issue, is a manifest disregard of the provisions of the Act of March 15, 1911, P. L. 20, §1, 19 P.S. 711 which prohibits asking any person charged with a crime who is called as a witness in his own behalf any question tending to show that he has committed any other offense. See *Commonwealth v. Barron*, 438 Pa. 259, 264 A. 2d 710 (1970) and *Commonwealth v. Davis*, 396 Pa. 158, 150 A. 2d 863 (1959).

We are unimpressed by the Commonwealth's claim that the illegality of the conduct can only be established

where the possession of the concealed weapon was accompanied by an unlawful and malicious intent and that the questions did not suggest such an intent. The Act specifically provides that the intent may be inferred from the fact that the weapon was being carried. See Act of June 24, 1939, P. L. 872, §416, as amended July 30, 1968, P. L. 689, No. 227, §1, 18 P.S. 4416(a); *Commonwealth v. Townsend*, 211 Pa. Superior Ct. 135, 235 A. 2d 461 (1967); *Commonwealth v. Festa*, 156 Pa. Superior Ct. 329, 40 A. 2d 112 (1945). From the questioning by the prosecutor the jury could infer criminal conduct by the appellant on a prior occasion "tending to show that he has committed" an offense other than the crimes charged and the indictments for which he was being tried. As we have consistently held, the Act of 1911 must be adhered to "to the letter". See *Commonwealth v. Barron, supra* at p. 261; *Commonwealth v. Davis, supra.* Restated, "a juror could reasonably infer . . . that the accused had engaged in prior criminal activity." *Commonwealth v. Allen*, 448 Pa. 177, 292 A. 2d 373 (1972).

The Commonwealth further proposes that even if erroneous, such reference was harmless in view of the overwhelming evidence of guilt, and appellant's failure to contest the commission of the homicides,[1] *United States v. Zubkoff*, 416 F. 2d 141 (2d Cir. 1969). We cannot agree with this contention. *Commonwealth v. Barron, supra.* Here the ill-disguised purpose was not only to suggest a general disposition to violate the criminal statutes of this Commonwealth but more importantly to implant in the minds of the jury the concept of an individual possessing a violent disposition quite

---

[1] Appellant's position at trial was that he had no recollection of committing the acts but if in fact he did he should be relieved of criminal responsibility because of insanity or in the alternative that the specific intent to kill was negated by intoxication.

capable of forming the state of mind required for a finding of murder in the first degree. *Commonwealth v. Bighum,* 452 Pa. 554, 562, 307 A. 2d 255 (1973); *Commonwealth v. Little,* 449 Pa. 28, 30, 295 A. 2d 287 (1972); *Commonwealth v. Heller,* 369 Pa. 457, 463, 87 A. 2d 287 (1952). See also 3A Wigmore on Evidence, §980a (Rev. Third Ed., 1970) and American Law Institute, Model Code of Evidence, Rule 306 (1942). We, therefore, must reverse the judgment of sentence and award a new trial. In light of our disposition of this matter it is unnecessary for us to consider the other contentions raised in appellant's brief.

The judgment of sentence is reversed and a new trial is granted.