351 A.2d 284

COMMONWEALTH of Pennsylvania

v.

David BUNCH, Appellant.

Supreme Court of Pennsylvania.

Submitted Oct. 20, 1975.

Decided Jan. 29, 1976.

24

Paul Leo McSorley, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief Appeals Div., Francis C. Barbieri, Jr., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

■■ Appellant, David Bunch, was found guilty by a jury of murder in the first degree for the killings of Dora Grant and her eight-year-old son, Nathan Grant, and sentenced to concurrent sentences of life imprisonment. On November 26, 1973, this Court reversed the judgments of sentence and remanded the case for a new trial. *Commonwealth v. Bunch,* 454 Pa. 365, 311 A.2d 632 (1973). On April 16, 1974, the Commonwealth having certified that the degree of guilt with regard to both homicides rose no higher than murder in the second degree, the appellant pleaded guilty to murder in connection with both killings. On May 30, 1974, the appellant was sentenced to concurrent terms of not less

than ten nor more than twenty years' imprisonment. This appeal followed.[1]

The sole contention made to us on this appeal is that appellant's counsel in the trial court was ineffective in that he did not file a motion to dismiss the charges and discharge the appellant pursuant to Rule 1100 of our Rules of Criminal Procedure for the reason that appellant's second trial was not commenced within the time prescribed by that Rule.[2]

■■ While it is clear from the record that more than 90 days did elapse between the date of the new trial order which this Court entered on the prior appeal and the date the guilty plea was accepted, this does not, by itself, establish that Rule 1100 was violated by the Commonwealth.[3] The rule was intended to implement a criminal defendant's constitutional right to a speedy trial, see *Commonwealth v. Hamilton*, 449 Pa. 297, 297 A.2d 127 (1972), but it is not self-executing, since it recognizes that delays may be due to causes beyond the con-

---

1. Act of July 31, 1970, P.L. 673, No. 223, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1975). The taking of one appeal from more than one judgment of sentence is improper; a separate appeal should be taken from each judgment of sentence. *Commonwealth v. Cronin*, 464 Pa. 138, 139, 346 A.2d 59, 60 n. 1 (1975). In the absence of an objection to a single appeal, however, we shall entertain it as filed.

2. Paragraph (3) of Rule 1100 then provided that a new trial should commence within 90 days after the entry of an order by the trial court or an appellate court granting a new trial. (The 90-day period was extended to 120 days by a rule amendment effective December 9, 1974).

3. The date of hearing at which appellant's guilty plea was entered exceeded the 90-day period by 55 days. The case was, however, scheduled for re-trial at least two times within the 90-day period; continuances were allowed because of the unavailability of defendant's counsel due to conflicting engagements. The record indicates that some of the delay was also occasioned by the necessity of a psychiatric examination to determine the appellant's competency to stand trial.

trol of the Commonwealth.[4]  Thus, a defendant may in a proper case seek to avail himself of the remedy for delay which the rule prescribes, but failure to do so is not an automatic indication of ineffectiveness of defense counsel.

We have in the past repeatedly held that the only grounds for appeal following a guilty plea which has resulted in a judgment of murder in the second degree are the voluntariness of the plea and the legality of the sentence (including in the latter category the jurisdiction of the sentencing court).  See, e. g. *Commonwealth v. Geer*, 457 Pa. 646, 326 A.2d 338 (1975); *Commonwealth v. Little*, 455 Pa. 163, 314 A.2d 270 (1974); *Commonwealth v. McNeill*, 453 Pa. 102, 305 A.2d 51 (1973); *Commonwealth v. Zanine*, 444 Pa. 361, 282 A.2d 367 (1971).  It is true, of course, that a defendant is entitled to the effective assistance of trial counsel whether a case proceeds to trial or is disposed of on a guilty plea. It is conceivable that a dereliction of one sort or another by a lawyer for a defendant could result in the entry of a plea that was not voluntarily or intelligently made.  In such a case, the claimed ineffectiveness is not an independent ground for relief on appeal, but relates to the validity of the plea.  As we observed in *Commonwealth v. Little, supra* 455 Pa. at 166, n. 1, 314 A.2d 271, n. 1 where a similar claim was before us, "the question of competency of counsel in proceedings prior to the plea is relevant only to the basic question whether the plea was voluntarily and intelligently made."  In the case at bar neither the legality of the sentence nor the voluntariness of the plea is questioned, nor is any attempt made to re-

---

**4.**  Rule 1100(d) provides as follows:
   "(d) In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:
   (1) the unavailability of the defendant or his attorney;
   (2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded."

late the passage of more than 90 days to the validity of the plea.[5]

Judgments of sentence affirmed.[6]

EAGEN and O'BRIEN, JJ., concur in the result.

ROBERTS, J., filed a dissenting opinion in which NIX and MANDERINO, JJ., join.

ROBERTS, Justice (dissenting).

I dissent. The majority ignores (1) a clear violation of rule 1100, (2) a textbook case of ineffective assistance

5. The record indicates that the appellant was aware of the 90-day provision of Rule 1100. A pro se petition for discharge under Rule 1100(e), verified on April 2, 1974, well in advance of the guilty plea hearing, is contained in the record, although not noted in the docket entries; it was not referred to in the guilty plea proceedings.

6. We do not treat appellant's claim of ineffectiveness of trial counsel as a challenge to his guilty plea for the reason that the question of the validity of a guilty plea may not normally be raised for the first time on direct appeal from the judgment of sentence. As we have said several times recently, in a case "where the only challenge to the proceedings in the trial court is directed to the validity of the guilty plea itself, the proper procedure is to first file with that court a petition to withdraw the plea." *Commonwealth v. Lee*, 460 Pa. 324, 327, 333 A.2d 749, 750, n. (1975). See also *Commonwealth v. Zakrzewski*, 460 Pa. 528, 333 A.2d 898, 900, n. 1 (1975); *Commonwealth v. Starr*, 450 Pa. 485, 301 A.2d 592 (1975). But see *Commonwealth v. Tunnell*, 463 Pa. 462, 345 A.2d 611 (1975). We note that no effort has been made at the trial level to withdraw the plea entered in the case at bar. Such petitions should be timely filed, but are not necessarily untimely because made after judgment or sentence. The test of timeliness is "due diligence, considering the nature of the allegations therein". See ABA Standards, Pleas of Guilty § 2.1 (1968).

Since we have held that a claimed ineffectiveness of counsel in connection with a plea of guilty is directed to the validity of the plea, that question may be raised in a collateral attack on the plea and would not necessarily be foreclosed by the fact that no appeal had been taken from the judgment of sentence. Compare *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975) (ineffectiveness of trial counsel not related to the validity of a guilty plea).

of trial counsel, and (3) appellant's inartfully expressed challenge to the voluntariness of his plea.

The Commonwealth's brief in this case states that this Court ordered a new trial on December 7, 1973, and that the first listing of the case was January 23, 1974. This was a delay of 47 days. At the first listing the case was continued until February 13, 1974, to allow time for a court ordered psychiatric examination of appellant. On February 13th the case was continued until February 14th. On the 14th it was continued until February 15th. On the 15th it was placed in the "Ready Pool for Room 613." The case was not heard until April 16, 1974. From February 15th until April 16th is a delay of another 59 days. There is nothing in the record, by the Commonwealth's own admission, to explain this delay of 106 days, nor is there anything that in any way indicates that appellant contributed to or had any control over this delay. There is no doubt that rule 1100, which, at that time, allowed 90 days for a new trial, was violated.

The majority states that "failure to [seek the remedy of dismissal of all charges for a violation of rule 1100] is not an automatic indication of ineffectiveness of defense counsel." I cannot conceive of any circumstances in which defense counsel could claim to be serving the best interests of his client while failing to pursue a course of action which would completely free his client. This is, even more true when the client has already been convicted of the crimes charged once, and thus has little if any interest in preserving his reputation by standing trial and winning an acquittal. Just as there was a clear violation of rule 1100, there is a clear case of ineffective assistance of trial counsel.

The majority states that "the claimed ineffectiveness [of trial counsel] is not an independent ground for relief on appeal, but relates to the validity of the plea." Without arguing the accuracy of this statement, I cannot agree with the majority that appellant is not challenging

the validity of his plea. If he had been effectively assisted by trial counsel he would have been discharged because of the violation of rule 1100. As a result of the discharge, he would not have been required to plead to the charges. Thus, his plea was not knowing, intelligent or voluntary because he was never told that he could go free.

What is even more disturbing about this case is that appellant had filed a pro se petition for discharge which was never ruled upon. The majority uses this to show that appellant acted knowingly at his guilty plea hearing. To the contrary, it demonstrates not only that appellant was severely prejudiced by trial counsel's ineffectiveness, but also that the trial court was prevented from ruling on a meritorious claim because of counsel's neglect.

Finally, the majority asserts that "the validity of a guilty plea may not normally be raised for the first time on direct appeal from the judgment of sentence." I disagree. There is nothing in our rules of criminal procedure which requires the filing of a motion to withdraw the plea before this Court can consider the validity of the plea. Moreover, the majority makes no distinction between claims which may be decided on the record and those which require evidentiary hearings to be resolved. In view of the burden which the trial courts already bear, I am loath to interpose another step, which will often be completely unnecessary, between judgment of sentence and appeal. This Court has long been able to decide when a case must be remanded for an evidentiary hearing, and has long felt free to do so. The effective administration of justice is not well served by the majority's suggested procedure which will do little to lighten our case load, at the cost of greatly increasing the load on the trial courts of the Commonwealth.

NIX and MANDERINO, JJ., join in this opinion.