463 A.2d 1175

**COMMONWEALTH of Pennsylvania**

v.

**Vicki M. SCHMIDT, Appellant.**

Superior Court of Pennsylvania.

Argued June 23, 1982.

Filed July 29, 1983.

Petition for Allowance of Appeal Denied Nov. 17, 1983.

Norris E. Gelman, Philadelphia, for appellant.

Ronald T. Williamson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, McEWEN and LIPEZ, JJ.

LIPEZ, Judge:

■ In a jury trial, defendant was convicted of two counts of murder in the third degree. This appeal is from the judgment of sentence imposed after denial of defendant's post-verdict motions. Because we agree with defendant that the court below erred in permitting the prosecutor to elicit defendant's prior criminal record from the defendant herself on cross-examination, we reverse and grant a new trial.[1]

■ In cross-examining the defendant, the prosecutor elicited the fact that she had pled guilty to retail theft in 1976. The trial judge permitted this line of questioning over defense counsel's strenuous and repeated objections. The Commonwealth concedes, as it must, that this questioning of defendant concerning a prior guilty plea violated the Act of March 15, 1911, P.L. 20, 19 P.S. § 711,[2] *repealed and*

---

**1.** Because of our disposition we need not consider defendant's claims that the trial judge erred in: (1) invading the province of the jury in the rendering of the verdicts, which as a result were not truly unanimous; (2) excluding testimony concerning statements made by the chief Commonwealth witness while she was a state hospital patient; (3) refusing to allow the defense psychiatrist to testify; and (4) refusing to permit cross-examination of the chief Commonwealth witness concerning her statements to hospital personnel. Defendant also claims that retrial would constitute double jeopardy, but this claim is clearly premature, and can be raised if and when the Commonwealth attempts to retry defendant.

**2.** "Hereinafter, any person charged with any crime, and called as a witness in his own behalf, shall not be asked, and, if asked, shall not be required to answer, any question tending to show that he has committed, or been charged with, or been convicted of any offense, other than the one wherewith he shall then be charged, ... unless

(1) He shall have at trial, personally or by his advocate, asked questions of the witness for the prosecution with a view to establish

*substantially reenacted as* 42 Pa.C.S. § 5918,[3] effective June 27, 1978. The Commonwealth relies solely on an argument that the error was harmless beyond a reasonable doubt. We must reject this argument, since our Supreme Court has unanimously held that a violation of 19 P.S. § 711 cannot be harmless "even if the evidence of guilt is 'overwhelming.'" *Commonwealth v. Barron*, 438 Pa. 259, 261, 264 A.2d 710, 712 (1970).

Judgment of sentence reversed, and a new trial ordered.

McEWEN, J., concurs in the result.

his own good reputation or character, or has given evidence tending to prove his own good character or reputation; or

(2) He shall have testified at such trial against a codefendant, charged with the same offense. 1911, March 15, P.L. 20, Section 1." 19 P.S. § 711.

3. "No person charged with any crime and called as a witness in his own behalf, shall be asked, or if asked, shall be required to answer, any question tending to show that he has committed, or been charged with, or been convicted of any offense other than the one wherewith he shall then be charged, or tending to show that he has been of bad character or reputation unless:

(1) he shall have at such trial, personally or by counsel, asked questions of the witness for the prosecution with a view to establish his own good reputation or character, or has given evidence tending to prove his own good character or reputation; or,

(2) he shall have testified at such trial against a codefendant, charged with the same offense.
1976 July, 9, P.L. 586, No. 142, § 2, eff. June 27, 1978, 42 Pa.Stat.Ann. § 5918."
42 Pa.C.S. § 5918.