J-A20012-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
WESLEY A. MASSEY :
:
Appellant : No. 1514 WDA 2019

Appeal from the PCRA Order Entered August 20, 2019
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-CR-0000386-2016

BEFORE: BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.: FILED FEBRUARY 05, 2021

Wesley A. Massey appeals from the August 20, 2019 order dismissing his petition for relief under the Post-Conviction Relief Act ("PCRA").[1] We affirm.

Due to the nature of our disposition, we will review the factual and procedural history of this case only briefly. On February 8, 2016, Appellant attempted to pay an outstanding fine at the Crawford County Courthouse by presenting the clerk of courts with a forged check in the amount of $10,890,

_____

[1] Appellant is pursuing a separate appeal from an unrelated petition under the Post-Conviction Relief Act ("PCRA"), at Commonwealth v. Massey, 1897 WDA 2019. These proceedings are closely related in terms of procedural history, as both were pending before the Court of Common Pleas of Crawford County during the same period of time. The records of both cases share major filings and significant hearing dates, as Appellant was represented by the same counsel at both docket numbers. However, the legal and factual issues raised in each appeal are distinct. Furthermore, the PCRA court independently adjudicated each petition and entered separate final orders denying them. As such, we decline to consolidate these appeals pursuant to Pa.R.A.P. 513.

and was subsequently discovered to be carrying an unlicensed firearm and operating a vehicle illegally bearing the registration of a different vehicle. In connection with these events, Appellant was charged with, inter alia, firearms not be carried without a license and bad checks.

Following protracted pre-trial motions practice and the appointment of four separate attorneys to represent Appellant, he entered a negotiated plea of nolo contendere to the aforementioned offenses in exchange for the Commonwealth entering a nolle prosequi as to the remaining charges. On March 27, 2018, Appellant was sentenced to an aggregate term of thirty to sixty months of imprisonment, and ordered to pay fines and costs. After he was sentenced, Appellant sought leave to represent himself in filing an appeal to this Court. After a Grazier hearing[2] and a waiver of counsel colloquy was held, Appellant was permitted to proceed with a timely pro se direct appeal. See Order, 4/23/18, at 1. Ultimately, this Court dismissed Appellant's pro se direct appeal due to his failure to file a brief. See Order, 12/28/18, at 1.

Appellant filed a timely pro se PCRA petition and the PCRA court appointed counsel to represent Appellant. After a second Grazier hearing was held, however, Appellant was again permitted to proceed pro se. The PCRA court also made a provision for the potential appointment of standby counsel "[i]n the event the [PCRA court] concludes that [Appellant] is entitled to an evidentiary hearing on any of the issues that he will ultimately raise or

_____

[2] Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998).

has already raised." Order, 6/14/19, at 1. Appellant requested leave to file an amended petition, which the PCRA court granted. See Order, 6/21/18, at 1-2 ("The amended petition will take the place of the [Appellant's] original petition, which will be disregarded except for its date of docketing.").

Appellant timely filed an amended petition alleging, inter alia, that: (1) he was the target of "selective prosecution" by the Commonwealth; (2) trial counsel erred in failing to challenge this allegedly selective prosecution; (3) the Commonwealth committed a Brady[3] violation by failing to turn over an allegedly exculpatory video;[4] and (4) trial counsel was ineffective for failing to recognize this alleged Brady violation.

On July 23, 2019, the PCRA court entered a memorandum and order that indicated its intent to dismiss the appeal pursuant to Pa.R.Crim.P. 907, and provided Appellant with a twenty-day window in which to respond. On August 19, 2019, Appellant tendered an untimely reply that alleged for the first time that trial counsel had refused to file a motion to withdraw Appellant's

_____

[3] Brady v. Maryland, 373 U.S. 83 (1963).

[4] According to the PCRA court, "[t]he video to which [Appellant] refers showed a man matching his description exiting [Appellant's] vehicle and heading to the [Crawford County Courthouse], where the bad check incident occurred." Memorandum and Order, 7/23/19, at 5. The existence of this video was raised during a suppression hearing concerning the validity of a search warrant that was issued for Appellant's car. See N.T. Suppression Hearing, 8/2/16, at 14.

nolo contendere plea.[5]   Thereafter, the PCRA court dismissed Appellant's petition.

Appellant filed a timely pro se appeal.   Both Appellant and the PCRA court have timely complied with their obligations under Pa.R.A.P. 1925. Appellant has raised the following issues for our consideration:

1.  Did the PCRA court err in denying [Appellant] relief in the form of a new trial on the basis of a violation of [Appellant's] United States constitutional rights of the 14th Amendment for Due Process and Equal Protection of the law, on the basis of selective prosecution?

2.  Did the PCRA court err in denying [Appellant] relief in the form of a new trial, for the Commonwealth's failure to turn over exculpatory evidence, namely the "video" used to allegedly identify [Appellant], and was used in the affidavit of probable cause to support the Commonwealth's only witness testimony and was testified to by the affiant at the suppression hearing?

3. Did the PCRA [c]ourt err in denying [Appellant] relief in the form of a new trial on the basis of ineffective assistance of trial/plea counsel, as a result of failure to pursue dismissal on the basis of selective prosecution?

_____

[5]  Appellant has subsequently abandoned this claim in his brief to this Court. As an initial matter, no such issue appears in Appellant's statement of questions presented.  See Appellant's brief at 2; cf. Pa.R.A.P. 2116(a) ("No questions will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").  Although Appellant mentions the withdrawal of his plea in passing in his argument section, he has offered no relevant discussion of the legal standards or evidence in the certified record that supports such a claim.  To the extent that Appellant relies upon these averments for relief, he has waived any argument concerning the withdrawal of his nolo contendere plea by failing to properly develop his arguments.  See Milby v. Pote, 189 A.3d 1065, 1079 (Pa.Super. 2018) ("The failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119.").  Thus, we will not address this issue further.

4. Did the PCRA court err in denying the petitioner relief in the form of a new trial on the basis of ineffective assistance of counsel for their failure to obtain/investigate exculpatory evidence that was allegedly available to them prior to trial that would have exonerated the petitioner and impeached the testimony of the Commonwealth's witness? ** Additionally addressing Innocence Claim.

Appellant's brief at 2 (issues reordered).

Our standard and scope of review in this context is well-established:

Our standard of review in a PCRA appeal requires us to determine whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. The scope of our review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the party who prevailed before the court. . . . The PCRA court's factual findings and credibility determinations, when supported by the record, are binding upon this Court. . . . However, we review the PCRA court's legal conclusions de novo.

Commonwealth v. Small, 238 A.3d 1267, 1280 (Pa. 2020) (internal quotation marks and citations omitted).

Appellant's first two claims allege that he should be granted a new trial based upon allegations of: (1) selective prosecution by the Commonwealth; and (2) an alleged Brady violation concerning the aforementioned video recording. For the following reasons, we find that both of these claims have been waived.

From the outset of our analysis, we note that "in terms of its effect upon a case, a plea of nolo contendere is treated the same as a guilty plea." Commonwealth v. Jabbie, 200 A.3d 500, 505 (Pa.Super. 2018). Generally, "upon entry of a guilty plea, a defendant waives all claims and defenses other

than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." Commonwealth v. Prieto, 206 A.3d 529, 533-34 (Pa.Super. 2019). Finally, "after a defendant has entered a plea of guilty, the only cognizable issues in a post[-]conviction proceeding are the validity of the plea of guilty and the legality of the sentence." Commonwealth v. Rounsley, 717 A.2d 537, 538 (Pa.Super. 1998).

Accordingly, Appellant's nolo contendere plea has significantly narrowed his array of available arguments. Indeed, both Appellant's claim of selective prosecution and his allegation of prosecutorial misconduct are subsumed by the preclusive effect of Appellant's plea. Neither of these issues implicates jurisdictional concerns, the validity of Appellant's plea, or the legality of his sentence, and thus are waived.[6]

Appellant's third and fourth issues concern the effectiveness of Appellant's trial counsel, which are generally cognizable under the PCRA. See, e.g., 42 Pa.C.S. § 9543(a)(2)(ii); Commonwealth v. Lynch, 820 A.2d 728, 731 (Pa.Super. 2003) ("[A]ll constitutionally-cognizable claims of ineffective

_____

[6] Furthermore, both of these claims could have been raised in Appellant's direct appeal, but were not due to Appellant's abandonment of that proceeding. Accordingly, these claims are also waived pursuant to 42 Pa.C.S. § 9544(b) ("[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

assistance of counsel may be reviewed in a PCRA petition."). As a general matter, claims implicating effective assistance of trial counsel are not automatically foreclosed by the entry of a guilty plea. See, e.g., Commonwealth v. Bunch, 351 A.2d 284, 286 (Pa. 1976) ("[A] defendant is entitled to the effective assistance of trial counsel whether a case proceeds to trial or is disposed of on a guilty plea."). Such claims most commonly allege that trial counsel provided ineffectual advice during the plea process.

We emphasize that the instant claims do not challenge the validity or voluntariness of Appellant's plea, but are collateral assertions of the selective prosecution and Brady violation claims already discussed above. Thus, Appellant is essentially arguing that trial counsel was ineffective for not challenging the Commonwealth's case on these waived grounds. See Appellant's brief at 7 ("Counsel for [Appellant] was deficient in their performance for [their] failure to request exculpatory evidence that would have exonerated [Appellant]. Furthermore, counsel had no reasonable basis for not filing a motion to dismiss on the basis of selective prosecution.").

We find no merit in these claims. As noted above, Appellant's entry of a nolo contendere plea mooted the merit of the substantive issues underlying Appellant's claims of ineffectiveness. Accordingly, counsel cannot be deemed ineffective for failing to pursue them. See, e.g., Commonwealth v. Montalvo, 205 A.3d 274, 286 (Pa. 2019) ("[C]ounsel cannot be deemed ineffective for failing to raise a meritless claim."). No relief is due.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/5/2021