J-A16045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN ARTIMUS TUCKER | : | |
| | : | |
| Appellant | : | No. 1543 MDA 2020 |

Appeal from the PCRA Order Entered September 23, 2020
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000447-2017

BEFORE: KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: AUGUST 5, 2021**

Appellant Jonathan Artimus Tucker appeals from the Order entered in the Court of Common Pleas of Luzerne County on September 23, 2020, denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] Following a careful review, we affirm.

The PCRA court, the Honorable Michael T. Vough, set forth the facts and procedural history herein as follows:

> This matter arises from an information filed by the Luzerne County District Attorney against [Appellant] on May 2, 2017. [Appellant] was charged with criminal attempt to commit criminal homicide, two counts of aggravated assault and recklessly endangering another person. These changes resulted from an altercation during which [Appellant] fired a .9mm pistol at least ten times at the victim, striking him once.

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9545.

On January 17, 2019, [Appellant] entered a guilty plea to one count of aggravated assault. Sentencing occurred on March 1, 2019 and [Appellant] received a standard range sentence of 24 to 72 months based on his prior record score of three. [Appellant] received credit for 178 days of incarceration served prior to sentencing.

An untimely notice of appeal was filed on behalf of [Appellant] on January 10, 2020. This appeal was quashed by the Superior Court of Pennsylvania in an order filed on February 25, 2020.

On March 10, 2020, [Appellant] filed a Petition for Post Conviction Collateral Relief. Counsel was appointed to represent [Appellant] and he entered his appearance on August 5, 2020. After reviewing the entire file and communicating with [Appellant], counsel filed a Motions to Withdraw and a "no merit" letter on August 26.2020 based upon his conclusion that [Appellant's] claims had no merit.

A Notice of Intention to Dismiss Petition for Post Conviction Collateral Relief Pursuant to Pa.R.Crim.P. 907 was then filed by this Court on September 2, 2020 along with an order granting PCRA counsel's request to withdraw. These documents were served on [Appellant] pursuant to Pa.R.Crim.P. 114 and he failed to respond within twenty days as provided in Pa.R.Crim.P. 907(1).

Because [Appellant] failed to respond to the Notice of Intention to Dismiss, and a review of the petition as well as the record revealed that his claims were without merit, the Petition for Post Conviction Collateral Relief was dismissed on September 23, 2020. A copy of the order dismissing the petition was served on [Appellant] by certified mail on September 28, 2000 in accordance with Pa.R.Crim.P. 907(4) and the clerk of court pursuant to Pa.R.Crim.P. 114. In the Order, [Appellant] was notified of his right to appeal within thirty days as provided by Pa.R.A.P. 903(a).

A notice of appeal was filed on November 18, 2020. An Order was then issued by this [c]ourt on November 23, 2020 which required that a concise statement of errors complained of an appeal pursuant to Pa.R.A.P. 1925(b) be filed by [Appellant] within twenty-one days. [Appellant] complied with the order by filing a statement of matters complained of on December 8, 2020. In the statement, error is alleged due to the failure to award credit for time served while [Appellant] was on an ankle monitor. Error is also alleged as a result of the failure to impose [Appellant's] sentence concurrently with any period of incarceration imposed by

- 2 -

the Pennsylvania State Board of Probation and Parole for his current violation.

Opinion Pursuant to 1925(a)(1), filed 1/26/21, at 1-2 (unnumbered).

The PCRA court ultimately found both that Appellant's appeal had been filed untimely and that the issues he raised therein had been waived for his failure to present them on direct appeal. *Id*. at 3 (unnumbered). In the alternative, the court determined the issues Appellant had raised therein lacked merit. *Id*. at 3-4 (unnumbered).

The certified docket reveals that Appellant sent a *pro se*, handwritten document dated October 6, 2020, to this Court which was received on October 20, 2020. Therein, Appellant requested time-credit and that his sentences be served concurrently. In a letter dated October 23, 2020, this Court's Prothonotary advised Appellant that it could not provide him with legal advice and enclosed a copy of the pertinent appellate rules for Appellant's reference to the extent Appellant sought to file a notice of appeal. As the PCRA court stated, Appellant filed his notice of appeal on November 18, 2020.

Because Appellant's notice of appeal was facially untimely, this Court issued a show-cause Order to him on February 16, 2021. Appellant subsequently obtained counsel who entered his appearance in this Court on February 22, 2021. Accordingly, this Court reissued the show-cause Order to counsel on February 26, 2021. That same day, counsel filed his response and contended the *pro se* document received in this Court on October 20, 2020, should have been treated as a timely notice of appeal and forwarded to the

trial court pursuant to Pa.R.A.P. 904(a)(4) (providing if notice of appeal is mistakenly filed in appellate court, clerk shall immediately stamp it with date of receipt and transmit it to trial court, where, upon payment of additional filing fee, notice shall be deemed filed on original filing date). By order of March 15, 2021, this Court discharged the show-cause Order and referred the timeliness issue to the merits panel for consideration.

When determining the timeliness of the instant appeal, we note that Appellant's *pro se* status does not relieve him of his duty to comply with our Rules of Appellate Procedure; *pro se* status confers no special benefit upon an appellant. **Commonwealth v. Adams**, 882 A.2d 496, 497-98 (Pa.Super. 2005). Furthermore, "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant." **U.S. Bank, N.A. v. Pautenis**, 118 A.3d 386, 394 (Pa.Super. 2015) (citation omitted).

Notwithstanding, this Court is permitted to grant relief from the effects of a breakdown in the court system. **See** Pa.R.A.P. 105(b), Note ("Paragraph (b) of this rule [prohibiting the enlargement of time for filing a notice of appeal] is not intended to affect the power of a court to grant relief in the case of fraud or breakdown in the processes of a court."); **Commonwealth v. Braykovich**, 664 A.2d 133, 136 (Pa.Super. 1995) (applying Rule 105(b)).

Although Appellant did not specifically label his correspondence to this Court as a notice of appeal, a liberal construction thereof reveals an intent to challenge the PCRA court's denial of his PCRA petition. Thus, to the extent

Appellant's October 20, 2020, *pro se* document may be construed as his notice of appeal, we find the Prothonotary's failure to treat it as such constitutes a breakdown that would permit this Court to exercise jurisdiction over the instant appeal.

Appellant's *pro se* filing, treated as a notice of appeal, was filed within 30 days of the September 23, 2020, PCRA Order and, thus, was timely filed. **See** Pa.R.A.P. 903(a). Therefore, we proceed to examine the following two issues Appellant raises on appeal:

1.  Did the PCRA Court err, when it held that the Appellant was not serving an illegal sentence when the trial court failed to give him time credit for the time, he spent on house arrest given the nature of the electronic monitoring in question.

2.  Did the PCRA court err when it held that the Appellant was not entitled to a hearing on his claims of ineffective assistance of counsel, when in his *Pro Se* Petition for Relief under the Post-Conviction Relief Act (PCRA) he pled that he suffered ineffective assistance of counsel in regard to his plea when Plea Counsel advised him that his sentence could be served concurrently with the time he was facing for his violation of his parole conditions.

Brief of Appellant at 5.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. **Commonwealth v. Jarosz**, 152 A.3d 344, 350 (Pa.Super. 2016). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa.Super. 2010) (citation omitted).

Generally, "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." **Commonwealth v. Prieto**, 206 A.3d 529, 533-34 (Pa.Super. 2019). Accordingly, in a post-conviction proceeding, the only cognizable issues a petitioner may raise are the validity of the plea of guilty and the legality of the sentence. **Commonwealth v. Rounsley**, 717 A.2d 537, 538 (Pa.Super. 1998). Thus, Appellant's guilty plea herein significantly narrowed his array of available arguments.

Initially, Appellant posits he is serving an illegal sentence and in doing so, reasons as follows:

> Generally, time spent outside of prison but under the supervision of electronic monitoring does not count as time served for the purposes of calculating time credit as, time spent subject to electronic monitoring at home is not time spent in "custody" for purposes of credit under Section 9760." **Commonwealth v. Kyle**, 582 Pa. 624, 641, 874 A.2d 12, 22 (2005). However, there can be "a consideration of whether there are equitable factors which weigh against giving force to our conclusion on this matter of statutory construction." Id[.] However, no such consideration occurred in this case. [sic] when one was merited given the length of time [Appellant] spent in either pre trial [sic] detention or pre trial [sic] house arrest. As, in this case, the Appellant after spending one hundred and seventy eight (178) days of incarceration, from ""November 19, 2016 until May 17, 2017" Transcript of Sentencing hearing, March 1, 2019, R. 90, her [sic] then spent the period of May 17, 2017 until March 1, 2019 a period of under house arrest of six hundred and thirty six (636) days, for a total of eight hundred and fourteen days of pretrial detention and supervision before he was sentenced. Given the inordinate amount of time the appellant served under supervision, the court should have considered, as an equitable factor, the amount of time between the initiation and the determination of the

> Appellant's case and granted him time credit for the entire period he was facing the charges in question. Therefore, the Appellant argues that the Sentencing Court imposed an illegal sentence when it failed to consider the equitable factors regarding the appellant's time credit for his period of house arrest, and therefore he is entitled to relief from this court.

Brief of Appellant at 17-19.

Despite having characterized his first claim as a challenge to the legality of his sentence, Appellant has presented a challenge to the trial court's discretion in fashioning Appellant's sentence, not to its legality, in arguing the trial court erred failing to consider "equitable factors" which weighed in favor of providing him with time credit for his period of house arrest.

The PCRA requires a petitioner to show his claims have not been previously litigated or waived. *See* 42 Pa.C.S.A. § 9543(a)(3). An allegation that a sentence is excessive is a challenge to the discretionary aspects of sentencing. *See Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa.Super. 2008). Because this issue must be preserved at sentencing or in a post-sentence motion, and raised on direct appeal, "[c]hallenges to the discretionary aspects of sentencing are not cognizable under the PCRA." *Commonwealth v. Fowler*, 930 A.2d 586, 593 (Pa.Super. 2007) (citations omitted).

Moreover, a challenge to the discretionary aspects of his sentence is not viable to Appellant in a PCRA petition following his guilty plea. *See Rounsley*

*supra*. Thus, in light of the foregoing, we find Appellant has waived his first issue.[2,3]

Appellant's second issue concerns the effectiveness of Appellant's trial counsel, which generally is cognizable under the PCRA. *See*, *e.g.*, 42 Pa.C.S.A. § 9543(a)(2)(ii); *Commonwealth v. Lynch*, 820 A.2d 728, 731 (Pa.Super. 2003) ("[A]ll constitutionally-cognizable claims of ineffective assistance of counsel may be reviewed in a PCRA petition."). In addition,

---

[2] This Court is not bound by rationale of trial court and may affirm on any basis. *In re Jacobs*, 15 A.3d 509, 509 n.1 (Pa.Super. 2011).

[3] Even if we were to deem Appellant's challenge as one pertaining to the legality of his sentence, as the PCRA court explained, and Appellant acknowledged above:

> Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which, such a charge is raised. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

> 42 Pa.C.S.A. Section 9760(1). "Time spent on bail release, subject to electronic monitoring, does not qualify as custody for purposes of 9760 credit against a sentence of incarceration." *Commonwealth v. Kyle*, 874 A.2d 12, 20 (Pa. 2005).

Opinion Pursuant to 1925(a)(1), filed 1/26/21, at 3 (unnumbered). Therefore, the PCRA court did not err in failing to award Appellant credit for time spent on an ankle monitor while on bail, and Appellant is not serving an illegal sentence.

claims implicating effective assistance of trial counsel are not automatically foreclosed by the entry of a guilty plea. **See**, **e.g.**, **Commonwealth v. Bunch**, 351 A.2d 284, 286 (Pa. 1976) ("[A] defendant is entitled to the effective assistance of trial counsel whether a case proceeds to trial or is disposed of on a guilty plea.").

Such claims most commonly allege that trial counsel provided ineffectual advice during the plea process. However, as a threshold matter, to be granted relief in a claim of ineffectiveness in connection with a guilty plea, the appellant must prove that he entered an unknowing or involuntary plea. **Commonwealth v. Brown**, 48 A.3d 1275, 1278 (Pa.Super. 2012).

Appellant asserts his plea was involuntary or unknowing due to deficient advice from his plea counsel. Specifically, he claims that he pleaded guilty without having been informed of the "impact of his guilty plea on his parole violation so that he did not know that he would have to serve the sentence on his new charge consecutively to the sentence he received for his parole violation." He concludes he was entitled to an evidentiary hearing on this claim to provide him the opportunity to answer in open court whether he wanted to withdraw his guilty plea. **See** Brief of Appellant at 19-20. The record belies these assertions.

Immediately before pleading guilty, Appellant acknowledged, *inter alia*, the trial court was not bound by any agreement he may have made with the Commonwealth pertaining to a sentence, and it could impose the statutory

maximum penalties. N.T. Guilty Plea, 1/7/19, at 5. Appellant stated he was satisfied with his attorney's representation. *Id*. The trial court accepted Appellant's plea and found it had been knowingly and voluntarily entered. *Id*. at 6.

> "[O]nce a defendant has entered a plea of guilty it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that defendant understood the nature of the charges against him, the voluntariness of the plea is established.
>     A defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled."

*Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa.Super. 2001) (quoting

**Commonwealth v. Stork**, 737 A.2d 789, 790-91 (Pa.Super. 1999), *appeal denied* 564 Pa. 709, 764 A.2d 1068 (2000))

At his sentencing hearing, Appellant exercised his right of allocution and said only the following:

> First, when I was released in 2017, I had a job when I first came home with Interstate Battery for 13 months. After that I was working at Aaron's. The whole time I've been productive, don't get in any trouble at all. And then I have a different outlook on life because knowing that my girlfriend is pregnant, I'm not living for me no more. I'm living for this baby. So I take responsibility for everything that's happening, but at the same time I learned from it and I'm just doing what I can do to be productive.

N.T. Sentencing, 3/1/19, at 4.

At no point during this address to the trial court did Appellant express a desire to withdraw his guilty plea, nor was he concerned about the court's

alleged failure to sentence him concurrently with his future parole violation sentence.

Prior to imposing a standard-range sentence, the trial court expressed its view that the facts of the incident were disturbing in that Appellant chased the victim on a public street while firing ten shots at him, "turning Wilkes-Barre into a shooting gallery." *Id*. at 4. The trial court informed Appellant of his appellate rights, and Appellant indicated he understood the same. *Id*. at 5. Thus, Appellant cannot, as a threshold matter, prove that his plea was unknowing or involuntary, and we need not undertake a full ineffective assistance of counsel analysis. ***Brown***, ***supra***.

The evidence of record supports the PCRA court's Order, and we discern no legal error.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/05/2021

- 11 -