345 A.2d 611

**COMMONWEALTH of Pennsylvania**

v.

**Jack B. TUNNELL, Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 27, 1974.

Decided Oct. 3, 1975.

Paul Leo McSorley, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Richard A. Sprague, First Asst. Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

NIX, Justice.

This is an appeal from the denial of relief following a hearing on appellant's petition under the Post-Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, § 1 et seq., 19 P.S. § 1180–1 et seq.

In 1969, appellant entered a plea of guilty to voluntary manslaughter for the killing of one Dorothy Edwards. He was sentenced to 3 to 10 years imprisonment. No appeal was taken from the judgment of sentence.

Four years later, appellant filed the petition here in question alleging in part that he had been denied his right to a direct appeal under *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) and that his plea was invalid because the trial judge participated in the plea negotiations, citing *Commonwealth v. Evans*, 434 Pa. 52, 54–56, 252 A.2d 689, 690–691 (1969).

The post-conviction hearing judge found both these claims to be without merit. On appeal to this Court appellant does not challenge the propriety of the

judge's ruling on the Douglas claim.[1] He contends here only that the evidence produced at the post-conviction hearing requires a finding that his plea was invalid and that the sentencing judge should have permitted him to withdraw his plea. However, we do not reach the validity of this contention because appellant has failed to show that this claim was not waived, as required for relief under section 3(d) of the PCHA, *supra,* § 3(d), 19 P.S. § 1180–3(d). *Commonwealth v. Hines,* 461 Pa. 271, 336 A.2d 280 (1975).[2]

Appellant's contention that his plea was invalid was cognizable on direct appeal, *Commonwealth v. Greer,* 457 Pa. 646, 326 A.2d 338 (1974); *Commonwealth v. Hill,* 457 Pa. 1, 7, 319 A.2d 886, 890 (1974), and a failure to so raise it, absent extraordinary circumstances to justify such failure,[3] constitutes a waiver under section 4(b) of the PCHA, *supra,* § 4(b), 19 P.S. § 1180–4(b). While appellant might have avoided waiver had he prevailed on his Douglas claim, *Commonwealth v. Fiero,* 462 Pa. 409, 341 A.2d 448 (filed July 7, 1975); *Commonwealth v. Via,* 455 Pa. 373, 376, 316 A.2d 895, 897 (1974), his failure to pursue the hearing court's adverse ruling on this point precludes further consideration of the issue.

Order affirmed.

1. We note that some portions of the testimony make this decision suspect.

2. As we said in *Commonwealth v. Hines,* 461 Pa. 271, 273 n. 3, 336 A.2d 280, 282 n. 3 (1975):
"While the question of waiver has not been raised by any party to this litigation, this Court may affirm an order if it is correct for any reason. *Commonwealth v. Dancer,* 460 Pa. 95, 101 n. 5, 331 A.2d 435, 438 n. 5 (1975); *Gilbert v. Korvette, Inc.,* 457 Pa. 602, 604 n. 5, 327 A.2d 94, 96 n. 5 (1974); *Estate of Prynn,* 455 Pa. 192, 197 n. 9, 315 A.2d 265, 267 n. 9 (1973); *Concord Township Appeal,* 439 Pa. 466, 469, 268 A.2d 765, 766 (1970); 17 P.S. § 211.202(1); 19 P.S. §§ 1180–1 to 1180–12."

3. Appellant made no attempt to establish the existence of extraordinary circumstances.