383 A.2d 926

COMMONWEALTH of Pennsylvania

v.

**Robert Lee JONES, Appellant (two cases).**

Supreme Court of Pennsylvania.

Submitted Nov. 15, 1976.

Decided March 23, 1978.

Defender Assn. of Philadelphia, Benjamin Lerner, Defender, John W. Packel, Chief, Appeals Div., Asst. Public Defender, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Robert Lee Jones appeals from an order of the Post Conviction Hearing Act court denying his petition for relief under the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, §§ 1 et seq., 19 P.S. §§ 1180–1 et seq. (Supp.1977).* We affirm.

* We hear these appeals pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, arts. II & V, §§ 202(1) and 503(c),

On August 4, 1972, after several days of trial, appellant pled guilty to murder of the second degree and several lesser offenses. The trial court sentenced appellant to six to twenty years imprisonment on the murder conviction and suspended sentence on the other charges. Appellant did not take a direct appeal from the judgment of sentence.

On June 20, 1975, appellant filed a petition for relief under the Act. The PCHA court appointed counsel other than trial counsel to assist appellant in filing a petition conforming with the Act. Appellant's amended petition alleged that: (1) trial counsel was ineffective in not raising issues properly, not advising appellant adequately of the consequences of his plea of guilty, and otherwise failing to provide zealous representation; (2) his plea of guilty was unlawfully induced; (3) prejudicial pre-trial publicity existed; and (4) statements made by appellant to police were unlawfully obtained. After filing the amended petition but before entry of the PCHA court's order, appellant also asserted that his appellate rights were denied, see *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).

The PCHA court concluded that trial counsel was effective and appellant's plea was validly entered. The court declined to rule on appellant's assertion that his appellate rights were denied, believing that it had jurisdiction over the merits of the validity of appellant's plea of guilty. Appellant did not subsequently request the PCHA court to make an express ruling on his *Douglas* claim. The court also did not rule on appellant's contention that prejudicial pre-trial publicity existed or that his statements to the police were unlawfully obtained.

Appellant asserts that, because he did not voluntarily and knowingly enter his plea of guilty and because the trial court participated in the sentencing agreement, the PCHA

17 P.S. §§ 211.202(1) and 211.503(c) (Supp.1977), and the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, § 11; 19 P.S. § 1180–11 (Supp.1977).

This case was assigned to the writer on January 26, 1978, for the purpose of preparing an opinion expressing the views of a majority of this Court.

court erred in failing to find that appellant's plea of guilty was not validly entered. Appellant also contends that trial counsel was ineffective for not interviewing certain witnesses, thereby inducing his plea of guilty. Appellant fails, however, to renew his claim that his *Douglas* rights have been denied. We conclude that appellant has not proven that his present challenge to the validity of his plea of guilty has not been waived for failing to raise the issue on direct appeal, and appellant's assertion that trial counsel's alleged ineffectiveness induced his plea is without merit.

■ To obtain relief under the Act, a petitioner must prove that any alleged error resulting in conviction and sentence has not been waived. § 3(d), 19 P.S. § 1180–3(d). A petitioner has waived an issue if he "knowingly and understandingly" failed to raise on direct appeal an issue that could have been raised then. § 4(b)(1), 19 P.S. § 1180–4(b)(1). Failure to raise an issue gives rise to a rebuttable presumption of a "knowing and understanding" failure. § 4(c), 19 P.S. § 1180–4(c). There is no waiver, however, if a petitioner proves the existence of "extraordinary circumstances" justifying failure to raise the issue on direct appeal. § 4(b)(2), 19 P.S. § 1180–4(b)(2). A denial of *Douglas* rights is such an extraordinary circumstance. *Commonwealth v. Tunnell*, 463 Pa. 462, 345 A.2d 611 (1975); *Commonwealth v. Via*, 455 Pa. 373, 316 A.2d 895 (1974).

■ Appellant's contention that his plea was invalid could have been raised on direct appeal. *Commonwealth v. Tunnell*, supra; *Commonwealth v. Greer*, 457 Pa. 646, 326 A.2d 338 (1974). Appellant has proved in neither the PCHA court nor this Court any extraordinary circumstance excusing his failure to take a direct appeal. While appellant asserted in PCHA court that he was denied his *Douglas* rights, that court expressly made no finding on whether such rights had been denied, appellant did not subsequently seek an express ruling on the *Douglas* issue, and in this Court has failed to assert a denial of *Douglas* rights. Consequently, appellant has not rebutted the Act's presumption that he knowingly and understandingly failed on direct appeal to raise the

validity of his plea, and therefore the issue is waived. *Commonwealth v. Tunnell*, supra.

The PCHA court erroneously relied on *Commonwealth v. Stokes*, 426 Pa. 265, 232 A.2d 193 (1967), in concluding that it could reach the merits of appellant's challenge to his guilty plea without first determining whether appellant's appellate rights were denied, see *Commonwealth v. Tunnell*, supra; *Commonwealth v. Via*, supra. The PCHA court's error, however, did not relieve appellant of his burden of proving extraordinary circumstances showing his claims were not waived.

Appellant's argument that trial counsel was ineffective was not waived for failing to take a direct appeal because appellant was represented by trial counsel when he decided not to appeal. When a defendant fails on direct appeal to raise ineffectiveness of trial counsel, the issue of ineffectiveness is not waived if his appellate counsel was his trial counsel. *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975); see *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978). In *Commonwealth v. Mabie*, 467 Pa. 464, 359 A.2d 369 (1976), this Court applied *Dancer* to a situation where, as here, no direct appeal was taken:

> "Here, since trial counsel, who Mabie contends was ineffective, would have been required to file post-verdict motions and a direct appeal on the issue of his own ineffectiveness were such procedures initiated, it is similarly unrealistic to expect counsel to file motions and/or an appeal challenging his own effectiveness. Therefore, where a PCHA petition alleges as grounds for relief that trial counsel, with whom the petitioner consulted concerning the feasibility of appeal, has been ineffective and where trial counsel has not taken a direct appeal on behalf of the petitioner, the question of whether trial counsel was ineffective has not been waived for the purposes of review in a PCHA proceeding." (Footnote omitted).

Id., 467 Pa. at 469–70, 359 A.2d at 371–72. Therefore, appellant's claim that trial counsel's failure to interview certain witnesses induced his plea has not been waived.

Nonetheless, appellant's claim is without merit. Appellant sought to prove self-defense. After several days of trial, appellant changed his plea just before two additional witnesses were to testify for the Commonwealth. Although appellant's counsel had examined the Commonwealth's file and thus likely knew the substance of the witnesses' testimony, he did not interview the witnesses.

Relying on *Commonwealth v. Mabie*, supra, appellant asserts that counsel's failure to interview these witnesses induced his plea of guilty. In *Mabie*, where counsel before negotiating a plea of guilty for his client did not investigate prospective witnesses or examine certain potentially favorable records, we found that counsel was ineffective and invalidated the plea. By contrast, appellant's decision here was not the result of counsel's failure to explore his client's case; rather, appellant undoubtedly realized that his chances of acquittal were slight. The Commonwealth had presented a strong case against appellant during several days of trial, including testimony of an eyewitness and a statement of appellant to police, and the testimony of the additional witnesses the Commonwealth planned to call was likely to be unfavorable. Moreover, appellant has not alleged that these Commonwealth witnesses, if interviewed, would have supplied information so favorable that he would not have pleaded guilty despite the persuasive case against him. In these circumstances, we cannot say that appellant's plea of guilty was induced by counsel's decision not to interview the two Commonwealth witnesses.

Order affirmed.

MANDERINO, J., filed a dissenting opinion in which POMEROY, J., joins.

MANDERINO, Justice, dissenting.

I dissent. Appellant argues here, as he did in the PCHA court, that he should be awarded a new trial because,

(1) the on-the-record colloquy of the guilty plea proceeding was inadequate under the standards of Pa.R.Cr.P.

319 and *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974);

(2) the trial judge participated in the negotiations leading to the plea bargain in violation of *Commonwealth v. Evans*, 434 Pa. 52, 252 A.2d 689 (1970), and

(3) appellant was denied his right to effective representation of trial counsel.

The issues raised by the appellant in this appeal may or may not have merit. For the reasons that follow, I would not reach the merits of the issues raised however. Appellant did not appeal following the imposition of the judgments of sentence in 1972. The prosecution therefore argues that the case is controlled by *Commonwealth v. Tunnell*, 463 Pa. 462, 345 A.2d 611 (1975), and that we should not consider those issues raised in this appeal. In his PCHA petition, appellant alleged that he was denied the right to appeal, as guaranteed by *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). This *Douglas* claim has not been pursued on appeal. In *Commonwealth v. Tunnell*, we said:

"On appeal to this Court appellant does not challenge the propriety of the judge's ruling on the *Douglas* claim. He contends here only that the evidence produced at the post-conviction hearing requires a finding that his plea was invalid and that the sentencing judge should have permitted him to withdraw his plea. However, we do not reach the validity of this contention because appellant has failed to show that this claim was not waived, as required for relief under section 3(d) of the PCHA, *supra*, § 3(d), 19 P.S. § 1180–3(d). *Commonwealth v. Hines*, 461 Pa. 271, 336 A.2d 280 (1975).

Appellant's contention that his plea was invalid was cognizable on direct appeal, *Commonwealth v. Greer*, 457 Pa. 646, 326 A.2d 338 (1974); *Commonwealth v. Hill*, 457 Pa. 1, 7, 319 A.2d 886, 890 (1974), and a failure to so raise it, absent extraordinary circumstances to justify such failure, constitutes a waiver under section 4(b) of the PCHA, *supra*, § 4(b), 19 P.S. § 1180–4(b). While appellant might

have avoided waiver had he prevailed on his *Douglas* claim, *Commonwealth v. Fiero*, 462 Pa. 409, 341 A.2d 448 (filed July 7, 1975); *Commonwealth v. Via*, 455 Pa. 373, 376, 316 A.2d 895, 897 (1974), his failure to pursue the hearing court's adverse ruling on this point precludes further consideration of the issue." (Footnotes omitted.) *Id.* 463 Pa. at 462, 345 A.2d at 612.

This appeal is not controlled by *Tunnell,* however, for here the post-conviction hearing court made *no* adverse ruling as to appellant's *Douglas* claim. Citing *Commonwealth v. Stokes*, 426 Pa. 265, 232 A.2d 193 (1967), the post-conviction court said the following as to appellant's claim that he was denied his appeal rights.

"The defendant now contends that he was also deprived of his appellate rights. Of course, there is no merit to this contention *since it is well settled that at this posture of the case the defendant may raise, by collateral attack, precisely those issues which he may raise on direct appeal. Commonwealth v. Stokes*, 426 Pa. [262] 265, 232 A.2d 193 (1967). That is, having pleaded guilty, the defendant may only attack the jurisdiction of the court, the validity of his guilty plea and the propriety of his sentence." *Commonwealth v. Ward*, 442 Pa. 351, 275 A.2d 92 (1971). (Emphasis added.)

Although the PCHA court said "there is no merit to this contention", read in context, it is clear that the court was not deciding whether appellant had waived his *Douglas* rights by failing to appeal from his judgment. Rather, the court was relying on *Stokes.* In *Stokes*, we said that "the denial of right to appellate review, even if true, would not be prejudicial. . . ." because the issue of the validity of the plea was cognizable in a collateral proceeding. Under *Stokes*, therefore, the post-conviction court did not need to determine whether there had been a denial of *Douglas* rights. This procedure was changed by *Tunnell*, and the PCHA court should have determined whether appellant was denied his *Douglas* rights.

Appellant raises issues which would require a reversal of the judgment of sentence and a remand for new trial if meritorious and if he prevailed on the *Douglas* claim. We do not, however, have the benefit of any ruling on the claimed denial of the right to appeal. I would therefore remand the record to the post-conviction court with instructions that it consider and rule upon appellant's alleged denial of the right to appeal. Following a determination by the post-conviction court, appellant should be allowed to refile his appeal within the appropriate time.

POMEROY, J., joins in this dissenting opinion.