410 A.2d 296

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Alvin FERNANDEZ, Appellant.**

Supreme Court of Pennsylvania.

Submitted Dec. 10, 1979.

Decided Feb. 1, 1980.

---

* Appellant was charged under the 1939 Penal Code, 18 P.S. § 4701 (repealed in 1973).

494

---

Helen T. M. McCaffrey, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Kenneth Gallant, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

On February 11, 1975, Alvin Fernandez plead guilty to murder generally pursuant to a negotiated agreement between his counsel and the district attorney.[1] After extended questioning of Fernandez,[2] the court accepted the guilty plea, found Fernandez guilty of murder of the third degree, and imposed a prison sentence of five to fifteen years, in accordance with the pre-plea agreement. No request to withdraw the plea was filed, nor was an appeal entered from the judgment.

On July 23, 1976, appellant filed a counselled petition for relief under the Post Conviction Hearing Act [PCHA]. After an evidentiary hearing, relief was denied and this appeal followed.

The sole issue Fernandez presents for review is whether the PCHA court erred in failing to find his plea of guilty invalid due to his lack of the mental capacity to knowingly and intelligently enter a plea.[3]

The Post Conviction Hearing Act[4] and recent decisions of this Court clearly delineate the circumstances under which relief may be obtained under the PCHA. See *Commonwealth v. Sherard*, 483 Pa. 183, 394 A.2d 971 (1978); *Commonwealth v. LaSane*, 479 Pa. 629, 389 A.2d 48 (1978); *Commonwealth v. Jones*, 477 Pa. 266, 383 A.2d 926 (1978); *Commonwealth v. Tunnell*, 463 Pa. 462, 345 A.2d 611 (1975).

**1.** Initially, Fernandez plead "not guilty" and demanded a jury trial. After the jury selection began, he asked and was granted permission to withdraw this plea.

**2.** The colloquy between the court and Fernandez covers thirty-seven typewritten pages in the record.

**3.** At his PCHA hearing, Fernandez also argued that he was coerced by his trial attorney into making the guilty plea. Appellant's brief does not present this as a separate issue, but merely discusses the alleged coercion as a factor effecting his mental capacity to plead guilty. Accordingly, the alleged coercion has only been considered in that context. See Pa.R.A.P. 2115.

**4.** Act of January 25, 1966, P.L. (1965) 1580, §§ 1 *et seq.*, 19 P.S. §§ 1180–1 *et seq.* (Supp.1978–79).

As we summarized in *Commonwealth v. Sherard*, supra, 483 Pa. at 188, 394 A.2d at 974–75:

"To be eligible for relief under the PCHA, a petitioner must prove, inter alia:

'That the error resulting in his conviction and sentence has not been . . . waived.'

Section 3(d) of the PCHA, 19 P.S. § 1180–3(d) (Supp.1978–79).

"Furthermore, Section 4(b) of the PCHA, 19 P.S. § 1180–4(b) (Supp.1978–79), provides:

'For the purposes of this act, an issue is waived if:

'(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act; and

'(2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.'

Finally, Section 4(c) of the PCHA, 19 P.S. § 1180–4(c) (Supp.1978–79) provides:

'There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.' "

Fernandez's contention here, that his plea was invalid due to his mental incapacity, is an issue that could have been raised on direct appeal[5] and would, thus, be waived unless he rebuts the presumption that his failure to file a direct appeal was knowing and understanding or proves that extraordinary circumstances existed excusing his failure to file a direct appeal.[6] Yet, proof that a defendant lacked the mental capacity to "knowingly and intelligently" enter a

5. *Commonwealth v. LaSane*, 479 Pa. 629, 389 A.2d 48 (1978); *Commonwealth v. Jones*, 477 Pa. 266, 383 A.2d 926 (1978).

6. The PCHA court here erroneously relied on *Commonwealth v. Stokes*, 426 Pa. 265, 232 A.2d 193 (1967), in determining that waiver need not be considered since a defendant could assert in a PCHA proceeding the same grounds for relief as would be asserted on direct

plea of guilty would be sufficient to rebut the presumption of a "knowing and understanding" failure to appeal where the incapacity shown is non-transitory.[7] Mental incapacity, sufficient to prevent the entering of a valid guilty plea, would also prevent a "knowing and understanding" failure to appeal.[8]

■ In the present case, the PCHA court concluded Fernandez did possess the mental capacity to enter a valid plea of guilt. Our examination of the record persuades us that this conclusion is warranted by the evidence. Fernandez has, therefore, failed to overcome the presumption that his failure to appeal was knowing and understanding. Thus, his claim was waived.

appeal. The decisions of this Court have clearly illustrated that, to be eligible for relief under the PCHA, a defendant, whose period for appeal occurred subsequent to the effective date of the Act, must not have waived the alleged error resulting in his conviction by a knowing, understanding and unjustified failure to raise the issue on direct appeal. See *Commonwealth v. Melton*, 465 Pa. 529, 532 n.3, 351 A.2d 221, 223 n.3 (1976); *Commonwealth v. Jones*, 477 Pa. 266, 383 A.2d 926 (1978); sections 3(d) and 4(b) of the PCHA, 19 P.S. §§ 1180–3(d), 1180–4(b).

7. Where a temporary incapacity is alleged to have existed at the time the plea was entered (i. e. some transitory mental defect or a physical condition temporarily disrupting mental capacity), it would have to be shown that the necessary mental capacity was absent during the period for appeal as well, in order to prevent a waiver of the issue under section 4(b) of the PCHA, 19 P.S. § 1180–4(b).

8. This comports with our earlier determinations that the issue of competency to stand trial cannot be waived by failure to raise the issue prior to or during trial, *Commonwealth v. Marshall*, 456 Pa. 313, 318 A.2d 724 (1974), or in post-verdict motions, *Commonwealth v. Tyson*, 485 Pa. 344, 402 A.2d 995 (1979). In *Commonwealth v. Marshall*, supra, 456 Pa. at 319, 318 A.2d at 727, we reasoned:
"The failure of the appellant's counsel to raise the issue of the appellant's mental competency prior to or during the appellant's trial did not constitute a waiver by the appellant. '[I]t is contradictory to argue that a defendant may be incompetent, and yet knowingly and intelligently "waive" his right to have the court determine his capacity to stand trial.' *Pate v. Robinson*, 383 U.S. 375, 384, 15 L.Ed.2d 815, 821, 86 S.Ct. 836, 841 (1966)."
This same reasoning would preclude a waiver of issues, under the PCHA, by failing to raise them on appeal when the defendant is shown to have been incompetent.

While it is true psychiatric examination indicated Fernandez was apt to act impulsively under stress, this, in itself, does not establish lack of mental capacity. Cf. *Commonwealth v. Harris*, 431 Pa. 114, 243 A.2d 408 (1968).

The test of an accused's competency to stand trial or enter a guilty plea is

"his ability to comprehend his position as one accused of murder and to cooperate with his counsel in making a rational defense. . . . [S]tated another way, did he have sufficient ability at the pertinent time to consult with his lawyers with a reasonable degree of rational understanding and have a rational as well as a factual understanding of the proceedings against him."

*Commonwealth ex rel. Hilberry v. Maroney*, 424 Pa. 493, 495, 227 A.2d 159, 160 (1967).

Fernandez was found capable of acting intelligently[9] by the examining psychiatrists. Moreover, it was the opinion of the two psychiatrists, who examined him prior to his plea, that he was competent to stand trial,[10] and the second examiner specifically determined that Fernandez understood the possible consequences if found guilty and that he was able to aid his counsel. Furthermore, before accepting the plea, the court, assisted by a Spanish speaking interpreter,

**9.** Both the second pre-plea examiner and the psychiatrist who examined Fernandez prior to the PCHA hearing made such a finding. The full report of the initial pre-plea examining psychiatrist was not contained in the record.

Formal intelligence tests, administered to Fernandez in Spanish at the time of the second pre-plea examination, manifested that his intelligence level was about average.

**10.** This determination by the psychiatrists does not conflict with their diagnosis of a schizoid personality disorder. Such a disorder does not reach to the level of a disabling psychosis (see report of the second examining psychiatrist, Richard B. Saul) which we have found renders a defendant incompetent. See *Commonwealth v. Marshall*, 454 Pa. 413, 312 A.2d 6 (1973).

Evidence of some mental deficiency does not, "per se", invalidate a guilty plea. Cf. *Commonwealth v. Melton*, supra. In *Commonwealth v. Vaughn*, 459 Pa. 35, 326 A.2d 393 (1974), a defendant, who also had a diagnosed schizoid personality disorder, was found competent to enter a plea, by this Court, based on his intelligent conduct during the plea colloquy.

engaged in an extensive on-the-record colloquy with Fernandez. Fernandez's responses and questions throughout this colloquy indicate he comprehended its substance.

Fernandez asserts that pressure from his attorney to plead guilty led to his incompetency. Though this assertion would be consistent with the psychiatric reports that he might act impulsively under stress, Fernandez has not presented any evidence showing that his trial attorney created unusual pressure to plead guilty, nor did Fernandez's conduct at the plea proceeding indicate that he was acting impulsively or without understanding.

Order affirmed.