566 A.2d 893

**COMMONWEALTH of Pennsylvania**

v.

**Bryant JONES, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 18, 1989.

Filed Nov. 29, 1989.

Owen R. Silverstein, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for the Com., appellee.

Before ROWLEY, KELLY and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from a modified judgment of sentence. On August 6, 1985, appellant Bryant Jones entered an open guilty plea to two counts of rape, two counts of criminal conspiracy and one count of possession of an instrument of crime. Appellant was sentenced to serve two consecutive terms of imprisonment of four (4) to eight (8) years on each rape count and concurrent sentences on the remaining counts. Subsequently, appellant's petition for modification of sentence was granted, reducing two of the sentences to three (3) to six (6) years. Both before and after sentencing, however, appellant sought to withdraw this plea. After appellant's initial appeal to this Court was denied,[1] the

---

1. Without prejudice to appellant's right to relief under the Post Conviction Hearing Act (hereinafter referred to as the "PCHA"), 42 Pa.C.

Honorable James D. McCrudden of the Philadelphia Court of Common Pleas reinstated his right to appeal *nunc pro tunc.*[2]  This timely appeal follows.

Appellant proffers two arguments for our consideration. First, appellant contends that the lower court abused its discretion in denying his petition to withdraw his guilty plea before sentencing and in its subsequent refusal to grant his post-sentence motion to withdraw this plea on the grounds that it was made involuntarily.  Second, appellant argues that trial counsel rendered ineffective assistance by advising him to plead guilty rather than stand trial.  We disagree with these contentions for the reasons outlined below.

Appellant correctly notes that requests to withdraw guilty pleas prior to sentencing should be liberally allowed by our trial courts. *Commonwealth v. Forbes*, 450 Pa. 185, 299 A.2d 268 (1973).  The withdrawal of a guilty plea prior to sentencing should be freely permitted for any fair and just reason unless such an allowance substantially prejudices the prosecution. *Id.*  Absent an abuse of discretion, we will not disturb the decision of a lower court.  In contrast, a trial court is only required to permit a withdrawal of a guilty plea after sentencing where a defendant/appellant can demonstrate that prejudice on the order of manifest injustice has occurred. *Commonwealth v. Cappelli*, 340 Pa.Super. 9, 489 A.2d 813 (1985).  Manifest injustice occurs where a plea is entered involuntarily or without knowledge of the charge. *Commonwealth v. Muller*, 334 Pa.Super. 228, 482 A.2d 1307 (1984).  As with withdrawals before sentencing, we will not disturb a lower court's decision in this instance absent an abuse of discretion.  In the case *sub judice*, the lower court found that the Common-

S.A. § 9541 *et seq.*, we dismissed petitioner's appeal on September 29, 1987 without ruling upon its merits due to the failure of counsel to file a brief.

**2.**  On April 17, 1989, with the Commonwealth having no objection, Judge McCrudden reinstated appellant's right to appeal pursuant to his petition under the Post Conviction Relief Act, (hereinafter referred to as the "PCRA"), 42 Pa.C.S.A. §§ 9541–9546.  Since this action was instituted after the effective date of the PCRA, April 13, 1988, it will be evaluated under the PCRA.

wealth would be substantially prejudiced if the motion to withdraw the guilty plea was granted. Reviewing the record, we agree with the lower court.

On August 6, 1985, appellant entered the relevant open guilty plea. A lengthy colloquy was conducted by the lower court judge and the Commonwealth to inform appellant of his rights in conjunction with the plea and to determine whether the pertinent pleas were knowingly and voluntarily proffered.[3] Subsequently, the lower court received a letter from one Frederick Jenkins which stated that he [Jenkins] had advised appellant to plead guilty. (The record does not disclose whether Jenkins is a lawyer or layman.) On December 19, 1985, the court conducted a second hearing in conjunction with the letter. Appellant was again advised that he could withdraw his plea and instead go to trial. While appellant did not retract his guilty plea, he requested that the court grant him additional time to consider the possibility of a withdrawal.

Pursuant to appellant's request, the lower court continued the hearing to January 27, 1986. At the January 27, 1986 hearing, appellant sought to withdraw his guilty plea and proceed to trial. The Commonwealth opposed this motion, arguing that it would be substantially prejudiced by such a decision since it no longer was able to locate the pertinent witnesses and victim to the relevant crimes. On February 11, 1986, the lower court denied appellant's pre-sentence petition to withdraw the guilty plea. Later, the court would deny an identical post-sentence petition.

Recently, in *Commonwealth v. Cole*, 387 Pa.Super. 328, 564 A.2d 203 (1989), we declared that a trial court did not abuse its discretion in denying a petition to withdraw a guilty plea under similar circumstances. In *Cole*, the Commonwealth dismissed its witnesses after defendant/appellant plead guilty. Over a month later, appellant filed a

---

**3.** Our review of the record reveals that the lower court's inquiry was in accordance with the mandates of our supreme court as enunciated in *Commonwealth v. Willis*, 471 Pa. 50, 369 A.2d 1189 (1977) and Pa.R.Crim.P., Rule 319, 42 Pa.C.S.A.

motion to withdraw his guilty plea. Appellant argued that he was innocent of the charges against him and that the plea of guilty had been entered involuntarily. The Commonwealth opposed this petition, arguing that appellant had improperly delayed the trial until a key witness was unavailable. Appellant's motion to withdraw the guilty plea was denied by the lower court.

After reviewing the record, we declared in *Cole* that appellant's bald assertion of innocence did not constitute a fair and just reason for allowing him to withdraw his plea of guilty. "Not only would the Commonwealth have been prejudiced by allowing such withdrawal but appellant would have been permitted to make a mockery of the guilty plea hearing process in which appellant, after a full and complete colloquy, admitted his guilt and his role [in the pertinent crimes]." *Id.*, 387 Pa.Superior Ct. at 335, 564 A.2d at 206. Such is also the case here.

Our review of the record in the instant case reveals that appellant sought a withdrawal of his guilty plea on the basis of the aforementioned Jenkin's letter. At no time during the proceedings did appellant deny his guilt. Instead, appellant proffered the Jenkins' letter, which stated that he did not understand the nature of his confession and that the police had written the charges against him in a way that would make it difficult for him to avoid conviction. We do not believe that these reasons constitute a fair and just reason for allowing appellant to withdrawal in light of *Cole*. After a full and complete colloquy, appellant pleaded guilty to the relevant charges. With regard to appellant post sentence-motion to withdrawal his guilty plea, we note that appellant also failed to demonstrate a manifest injustice occurred due the denial of his motion. Therefore, we reject this contention and affirm the lower court with regard to this issue.

■ With regard to appellant's argument concerning the alleged ineffectiveness of counsel, our supreme court has noted as follows:

Appellant's claims of ineffectiveness must be evaluated in the context of his guilty plea. Upon entry of a plea of guilty, all grounds of appeal are waived other than challenges to the voluntariness of the plea and the jurisdiction of the sentencing court. *Commonwealth v. Greer*, 457 Pa. 646, 326 A.2d 338 (1974). Thus allegations of ineffective assistance of counsel in connection with entry of the guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea. *See Commonwealth v. Jones*, 477 Pa. 266, 383 A.2d 926 (1978); *Commonwealth v. Bunch*, 466 Pa. 22, 351 A.2d 284 (1976).

*Commonwealth v. Chumley*, 482 Pa. 626, 639–41, 394 A.2d 497, 504–5 (1978). Appellant argues that counsel rendered ineffective assistance of counsel in advising him to plead guilty to the charges against him. Specifically, appellant alleges that trial counsel erred in failing to litigate a motion to suppress appellant's statement to the police. This was error, appellant concludes, since the Jenkin's letter raised serious doubts concerning the validity of the confession. We disagree.

The burden of establishing ineffective assistance of counsel rests upon the appellant because counsel's stewardship is presumed to be effective. *Commonwealth v. McNeil*, 506 Pa. 607, 487 A.2d 802 (1985); *Commonwealth v. Smith*, 380 Pa.Super. 619, 552 A.2d 1053 (1989). Appellant's obligation is to demonstrate both that "the omission or commission by counsel was arguably ineffective *and* the likelihood that he was prejudiced as a result." *Commonwealth v. Pierce*, 515 Pa. 153, 161, 527 A.2d 973, 976 (1987) (emphasis in original). The initial inquiry in an ineffectiveness claim is always "whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit; for counsel cannot be considered ineffective for failing to assert a meritless claim." *Commonwealth v. Durst*, 522 Pa. 2, 4, 559 A.2d 504, 505 (1989). If this threshold is met, it must next be determined that the particular course followed

by counsel had no reasonable basis designed to effectuate his client's interests. *Id.* The final inquiry is to establish the precise manner in which counsel's commission or omission prejudiced the appellant. *Id.* In making assertions of ineffectiveness, an appellant must allege sufficient facts upon which a reviewing court can conclude that trial counsel may have been ineffective because the appellate courts will not consider such claims in a vacuum. *Id.; Commonwealth v. Pettus*, 492 Pa. 558, 424 A.2d 1332 (1981). We note additionally that counsel will not be deemed ineffective for failing to predict a change in the law. *Commonwealth v. Davis*, 518 Pa. 77, 83, 541 A.2d 315, 318 (1988).

As we have previously noted in this opinion, appellant knowingly and voluntarily pleaded guilty to the pertinent crimes. A probing colloquy was conducted by the lower court judge and the Commonwealth to ensure that appellant was cognizant of his actions. Since we have found that appellant voluntarily pleaded guilty, we can not find trial counsel ineffective for failing to file a motion to suppress his statements to the police concerning the relevant crimes. *See Chumley, supra.* Thus, we also reject this allegation of ineffectiveness and affirm the lower court with regard to this issue.

Accordingly, the lower court's judgment of sentence is affirmed.