J-S50026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES DUNYAN | |
| Appellant | No. 1737 EDA 2014 |

Appeal from the PCRA Order May 12, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010212-2008

BEFORE:  PANELLA, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                    **FILED NOVEMBER 10, 2015**

Appellant, James Dunyan, appeals from the May 12, 2014 order dismissing, without a hearing, his first petition filed pursuant to the Post Conviction Relief Act, (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon careful review, we affirm.

We summarize the procedural history of this case as follows.  On March 19, 2008, Appellant was charged by criminal complaint with aggravated assault, burglary, criminal trespass, possession of an instrument of crime (PIC), terroristic threats, simple assault, and recklessly endangering another person.[1]  The charges stemmed from Appellant's March 2, 2008

---

[1] 18 Pa.C.S.A. §§ 2702(a), 3502(a), 3503(a)(1)(i), 907(a), 2706 (a)(1), 2701(a), and 2705, respectively.

entry into the home of Gary Summerfield (Victim), where he accosted and injured Victim with two tire augers. On November 3, 2010, Appellant entered a negotiated guilty plea to burglary, PIC, and simple assault in exchange for which the Commonwealth recommended a sentence of five to ten years' incarceration and *nolle prossed* the remaining counts. The trial court accepted the guilty plea and that same day sentenced Appellant in accordance with the plea agreement.[2] No post-sentence motion was filed. Appellant filed a *pro se* notice of appeal on December 1, 2010. Newly appointed appellate counsel filed a motion to withdraw together with an **Anders**[3] brief before this Court. This Court affirmed the judgment of sentence on July 9, 2012, and permitted counsel to withdraw. **See Commonwealth v. Dunyan**, 55 A.3d 125 (Pa. Super. 2012) (unpublished memorandum) (finding, *inter alia*, Appellant's challenge to the voluntariness of his plea was frivolous, inasmuch as Appellant never preserved the issue by requesting to withdraw his plea before the trial court).[4]

_____

[2] Specifically, the trial court sentenced Appellant to a term of incarceration of five to ten years on the burglary count and imposed no additional penalty for the PIC, and simple assault counts.

[3] **Anders v. California**, 386 U.S. 738 (1967).

[4] During the pendency of his direct appeal, Appellant filed a *pro se* "Motion to Withdraw Guilty Plea *Nunc Pro Tunc*," which was docketed and transmitted by the Clerk of Courts. **See** Pa.R.Crim.P. 576(A)(4) (providing that when a *pro se* filing by a represented defendant is received, the Clerk of Courts shall "accept it for filing, time stamp it with the date of receipt and

*(Footnote Continued Next Page)*

- 2 -

On July 23, 2012, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel to represent Appellant, who filed an amended PCRA petition on May 3, 2013. On April 11, 2014, pursuant to Pennsylvania Rule of Criminal Procedure 907, the PCRA court filed its notice of intent to dismiss Appellant's amended PCRA petition without a hearing.[5] The PCRA court dismissed Appellant's amended PCRA petition on May 12, 2014. On May 23, 2014, Appellant filed a *pro se* notice of appeal. A counseled notice of appeal was filed on June 10, 2014.[6]

On appeal, Appellant raises the following issue for our review.

> Did the PCRA [c]ourt err when it dismissed [Appellant's] Amended PCRA Petition without granting a [h]earing and where [Appellant] properly pled and would have been able to prove that he was entitled to relief?

Appellant's Brief at 3.

Appellate review of a PCRA court's dismissal of a PCRA petition is circumscribed by the following principles.

*(Footnote Continued)* ────────────────

make a docket entry reflecting the date of receipt, and place the document in the criminal case file," and forward the same to counsel).

[5] On April 18, 2014, Appellant filed a *pro se* response to the PCRA court's notice of intent to dismiss.

[6] During the pendency of the PCRA proceedings and the instant appeal, Appellant filed several motions to remove PCRA counsel before the PCRA court and this Court. On January 6, 2015, Appellant filed a motion to withdraw his earlier request to remove counsel, and PCRA counsel has continued to represent Appellant in this appeal. **See** Superior Court Order, 1/23/15, at 1 (granting Appellant's motion to withdraw his request to remove counsel and reinstating the briefing schedule in this appeal).

> Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. This Court treats the findings of the PCRA court with deference if the record supports those findings. It is an appellant's burden to persuade this Court that the PCRA court erred and that relief is due.

*Commonwealth v. Feliciano*, 69 A.3d 1270, 1274-1275 (Pa. Super. 2013) (citation omitted). [T]his Court applies a *de novo* standard of review to the PCRA court's legal conclusions. *Commonwealth v. Medina*, 92 A.3d 1210, 1215 (Pa. Super. 2014) (*en banc*) (internal quotation marks and citations omitted), *appeal granted*, 105 A.3d 658 (Pa. 2014). Additionally, in order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. *Id.* § 9543(a)(3).

In this case, the PCRA court dismissed Appellant's PCRA petition without conducting a hearing.

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012), *quoting*

*Commonwealth v. Turetsky*, 925 A.2d 876, 882 (Pa. Super. 2007)

(internal citations omitted), *appeal denied,* 940 A.2d 365 (Pa. 2007); *see*

*also* Pa.R.Crim.P. 907. "We stress that an evidentiary hearing is not meant

to function as a fishing expedition for any possible evidence that may

support some speculative claim of ineffectiveness." *Commonwealth v.*

*Roney*, 79 A.3d 595, 604-605 (Pa. 2013) (internal quotation marks and

citation omitted), *cert. denied*, *Roney v. Pennsylvania.*, 135 S. Ct. 56

(2014). We review a PCRA court's decision to dismiss without a hearing for

abuse of discretion. *Id.* at 604.

When reviewing a claim of ineffective assistance of counsel, we apply

the following test, first articulated by our Supreme Court in *Commonwealth*

*v. Pierce*, 527 A.2d 973 (Pa. 1987).

> When considering such a claim, courts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. Counsel cannot be found ineffective for failure to assert a baseless claim.
>
> To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him.
>
> …
>
> [T]o demonstrate prejudice, appellant must show there is a reasonable probability that, but for

- 5 -

counsel's error, the outcome of the proceeding would have been different.

*Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa. Super. 2013) (internal quotation marks and citations omitted). "Failure to establish any prong of the test will defeat an ineffectiveness claim." *Commonwealth v. Birdsong*, 24 A.3d 319, 330 (Pa. 2011).

Appellant's central claim, is that trial counsel was ineffective for failing to file a motion to withdraw Appellant's guilty plea when requested by Appellant to do so after sentencing. Appellant's Brief at 9. Appellant asserts it was an abuse of discretion for the PCRA court to deny him an evidentiary hearing on the issue, when there exist questions of fact regarding Appellant's request and trial counsel's response. *Id.*

> It is [Appellant's] claim that he did not enter into the plea in a knowing, intelligent and voluntary fashion. However, that is not the issue before this Court. The precise issue is whether or not trial counsel was ineffective for failing to move to withdraw the plea after [Appellant] instructed him to do so. Thus, counsel is requesting an evidentiary hearing on whether or not counsel ignored [Appellant's] wishes to withdraw the plea.

*Id.*

The PCRA court denied Appellant's PCRA petition without a hearing because, "Appellant failed to demonstrate that his guilty plea was entered involuntarily, and thus prejudice was not established." PCRA Court Opinion, 7/17/14, at 4. Appellant counters that the failure of a trial counsel to file a requested motion to withdraw a guilty plea is *per se* ineffectiveness,

excusing the need to separately establish prejudice. Appellant's Brief at 8-9. "[P]rejudice does not have to be established as moving to withdraw a plea is a predicate to taking an appeal and, we all know that pursuant to *Pierce*, [Appellant] does not have to establish prejudice once he has requested that counsel take an appeal." *Id.* at 8. We disagree.

In *Commonwealth v. Reaves*, 923 A.2d 1119 (Pa. 2007), our Supreme Court addressed a similar argument. In *Reaves*, the appellant alleged his violation-of-parole (VOP) counsel was ineffective for failing to file a requested motion for reconsideration of sentence, which "counsel did not do [], knowing that such failure would result in the waiver of appellate claims that needed to be preserved by such a motion." *Id.* at 1127. Reaves further argued as follows.

> [T]he *per se* prejudice approach is appropriate in instances affecting the right to a meaningful direct appeal. When an error is not preserved, as his current claim was not, appellee contends, the result is tantamount to a refusal to file a direct appeal. … [T]he presumed prejudice approach should apply when an attorney refuses to file a requested motion for reconsideration of a VOP sentence and a claim of merit is thereby defaulted.

*Id.* In rejecting Reaves' argument, our Supreme Court explained as follows.

> This Court has extended [the presumption] of prejudice in Pennsylvania to instances where counsel's lapse ensured the total failure of an appeal requested by the client. … [T]his Court stressed the fundamental difference between a lapse by counsel which leads to no review at all and one which merely narrows the review made available: The difference in degree between failures that completely foreclose

- 7 -

appellate review, and those which may result in narrowing its ambit, justifies application of the presumption [of prejudice] in the more extreme instance.

*Id.* at 1128 (citations omitted). The **Reaves** Court concluded that VOP counsel's alleged failure to file the requested motion did not warrant application of a *per se* prejudice presumption.

[VOP counsel's] failures, however, did not operate to entirely foreclose appellate review of the decision to revoke probation and to recommit appellee to a term of imprisonment. As a matter of law, the failure to file for sentencing reconsideration…does not waive any and all appellate issues; it waives only those claims subject to issue preservation requirements which were not otherwise already properly preserved.

*Id.* at 1128-1129 (noting Reaves in fact filed a direct appeal).[7]

The same reasoning applies instantly. Counsel's purported failure to file a motion to withdraw Appellant's guilty plea, did not preclude Appellant from filing a direct appeal, which he in fact did. Rather, by not filing a motion to withdraw the guilty plea, the issues Appellant could raise in that appeal were narrowed. Accordingly, Appellant was required to plead and prove prejudice in order to prevail in his ineffective assistance of counsel claim. **See Michaud**, **supra**.

---

[7] In this vein, Our Supreme Court has remarked that even where an action by counsel may be deemed "a *per se* failing as to performance," that fact "does not make out a case of prejudice, or overall entitlement to **Strickland** relief." **Commonwealth v. Johnson**, 966 A.2d 523, 536 (Pa. 2009).

"[A] trial court is only required to permit a withdrawal of a guilty plea after sentencing where a defendant/appellant can demonstrate that prejudice on the order of manifest injustice has occurred. Manifest injustice occurs where a plea is entered involuntarily or without knowledge of the charge." *Commonwealth v. Jones*, 566 A.2d 893, 895 (Pa. Super. 1989) (citation omitted), *appeal denied*, 578 A.2d 926 (Pa. 1990). "A criminal defendant has the right to effective counsel during a plea process as well as during trial. A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty." *Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006) (internal quotation marks and citations omitted).

> [A]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Wah*, *supra* at 338-339 (internal quotation marks and citations omitted).

In his amended PCRA petition, Appellant only makes a bald assertion that his plea was involuntary. Amended PCRA Petition, 5/3/13, at 3. Appellant does not aver any facts to support his assertion, nor aver any basis to establish an entitlement to withdraw his plea had such a motion been filed. **See *Jones*, *supra*.** Rather, Appellant makes the alternative claim that "even if Appellant were held by [this] Court to have to establish

prejudice, [Appellant] could easily do so by establishing that he was prejudiced by the fact that the Superior Court would not hear his [involuntary plea issue on direct] appeal…." Appellant's Brief at 8-9. Appellant misperceives his burden to establish prejudice from counsel's alleged ineffectiveness. To warrant a hearing on his claim, it was incumbent upon Appellant to allege some facts demonstrating his plea was involuntary, unintelligent, or unknowing. *See Wah*, *supra*. Appellant has not done so. Additionally, as the PCRA court noted, the record of the written and oral plea colloquies disclose no irregularity or basis to question the validity of Appellant's guilty plea. PCRA Court Opinion, 7/17/14, at 4-5. "The combination of colloquies supported the court's finding that the plea was properly tendered. Thus, Appellant's claim that his guilty plea was entered involuntarily, merely contradicting his previously adopted guilty plea colloquy statements, was found insufficient to establish a claim warranting relief." *Id.* at 5.

Based on our review of the record, we discern no error or abuse of discretion by the PCRA court in dismissing Appellant's amended PCRA petition without a hearing. We agree with the PCRA court that Appellant failed to aver any facts to support his claim that his guilty plea was involuntary. Accordingly, Appellant failed to demonstrate any prejudice in support of his ineffective assistance of counsel claim. *See Wah*, **supra**. There being no disputed issue of material fact presented by Appellant

- 10 -

relative to prejudice, we conclude the PCRA court did not abuse its discretion by declining to conduct a hearing on Appellant's petition. ***See***, ***Roney***, ***supra***. For these reasons, we affirm the PCRA court's May 12, 2014 order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/10/2015