J. S10023/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
   :   PENNSYLVANIA
   :
v.   :
   :
   :
   :
JAMES JENKINS,   :
   :
Appellant   :   No. 191 EDA 2016

Appeal from the PCRA Order December 18, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005938-2011

BEFORE: BENDER, P.J.E., DUBOW, J., and SOLANO, J.

MEMORANDUM BY DUBOW, J.:         **FILED MARCH 06, 2017**

Appellant, James Jenkins, appeals from the December 18, 2015 Order denying his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, without an evidentiary hearing. After careful review, we affirm.

On August 10, 2011, following a hearing,[1] Appellant entered a plea of *nolo contendere* to Aggravated Assault and Possession of an Instrument of Crime ("PIC").[2] At the time of the guilty plea, Appellant disclosed that, while in custody, he was diagnosed with schizophrenia. Appellant and his counsel

---

[1] Edwin Hernandez entered a guilty plea during the same hearing on separate and unrelated charges of Possession with Intent to Deliver—Cocaine at docket number CP-51-CR-0005391-2011.

[2] 18 Pa.C.S. § 2702(a) and 18 Pa.C.S. § 907(a).

both stated on the record at the plea hearing that neither Appellant's schizophrenia, nor the medication he was taking to control it, affected Appellant's ability to plead competently. Appellant testified that he was pleading no contest of his own free will.

On the same day, the trial court sentenced Appellant to a negotiated sentence of six to twenty years' incarceration for the Aggravated Assault charge, and a concurrent term of two to five years' incarceration for the PIC charge. Appellant did not file a direct appeal from his Judgment of Sentence.

On April 11, 2012, Appellant filed a timely *pro se* PCRA Petition. On August 22, 2012, Appellant filed an Amended *pro se* Petition. The PCRA court appointed counsel who filed an amended PCRA Petition on November 9, 2014. In his Petition and Amended Petition, Appellant alleged that his trial counsel was ineffective for failing to formulate a defense strategy and investigate witnesses, for coercing Appellant into entering an unknowing and involuntary guilty plea, and for failing to file a Motion to Withdraw the guilty plea as requested by Appellant. Appellant also claimed that the trial court sentenced him to an excessive sentence, failed to respond to his letter to withdraw his guilty plea, and prevented him from accessing discovery materials.

On November 9, 2015, the PCRA court notified Appellant of its intent to dismiss Appellant's Petition without a hearing pursuant to Pa.R.Crim.P.

907. The court dismissed Appellant's Petition on December 18, 2015. This appeal followed.[3] On May 5, 2016, the trial court filed an Opinion in support of its Order dismissing Appellant's Petition.

Appellant raises the following two issues on appeal, which we have reordered for ease of disposition:

> 1. Whether the court erred in not granting relief on the PCRA [P]etition alleging counsel was ineffective[?]
>
> 2. Whether the court erred in denying the Appellant's PCRA [P]etition without an evidentiary hearing on the issues raised in the amended PCRA [P]etition regarding trial counsel's ineffectiveness?

Appellant's Brief at 9.

In Appellant's first issue, he avers that the PCRA court erred in concluding he did not receive ineffective assistance of counsel. *Id.* at 18-23. We disagree.

Initially,

> "Our standard in reviewing a PCRA court order is abuse of discretion. We determine only whether the court's order is supported by the record and free of legal error." *Commonwealth v. Battle*, 883 A.2d 641, 647 (Pa. Super. 2005). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa. Super. 2002). We will not disturb the PCRA court's findings unless the record fails to support those findings. *Id.*

---

[3] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) Statement.

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." *Id*. at 141. "A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty." ***Commonwealth v. Kersteter***, 877 A.2d 466, 468 (Pa. Super. 2005).

We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA. ***See*** [***Commonwealth v.***] ***Lynch*** [, 820 A.2d 728, 732 (Pa. Super. 2003)]. "The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Id***. at 733 (***quoting Commonwealth v. Hickman***, 2002 PA Super 152, 799 A.2d 136, 141 (Pa. Super. 2002)).

In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Kimball***, 555 Pa. 299, 724 A.2d 326, 333 (Pa. 1999). Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. ***Id****.* The petitioner bears the burden of proving all three prongs of the test. ***Commonwealth v. Meadows***, 567 Pa. 344, 787 A.2d 312, 319-20 (2001). ***Commonwealth v. Johnson***, 868 A.2d 1278, 1281 (Pa. Super. 2005). ***Kersteter***, 877 A.2d at 469-69 [sic]. Moreover, trial counsel is presumed to be effective. ***Commonwealth v. Carter***, 540 Pa. 135, 656 A.2d 463, 465 (1995). ***Commonwealth v. Rathfon***, 899 A.2d 365, 368-69 (Pa. Super. 2006).

Additionally,

> With regard to prejudice, in **Hickman**, we noted that "[t]o succeed in showing prejudice, the defendant must show that it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial. *The 'reasonable probability' test is not a stringent one*." **Hickman**, 799 A.2d at 141 (citations omitted; emphasis added). The Court in **Hickman** derived this standard from **Nix v. Whiteside**, 475 U.S. 157, 175 106 S.Ct. 988, 89 L.Ed.2d 123 (1986), which held that "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome."

**Commonwealth v. Patterson**, 143 A.3d 394, 397-98 (Pa. Super. 2016).

With respect to the voluntariness of a plea, "where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established. A defendant is bound by the statements he makes during his plea colloquy' and may not assert grounds for withdrawing the plea that contradict statements made when he pled." **Commonwealth v. Stork**, 737 A.2d 789, 790-91 (Pa. Super. 1999) (citations omitted).

In his Brief, Appellant first claims that trial counsel provided ineffective assistance because he induced Appellant to enter an unknowing and involuntary guilty plea. Appellant's Brief at 18-21. Specifically, Appellant claims his counsel was ineffective because he coerced Appellant into entering a guilty plea, failed to file motions requested by Appellant, and failed to request a psychiatric evaluation of Appellant's competency to enter a plea despite Appellant being diagnosed as schizophrenic. **Id.** at 19.

The PCRA judge, who also presided over Appellant's plea hearing, reviewed Appellant's Amended PCRA Petition and the record, after which she denied Appellant relief. The court stated in its Opinion in support of dismissal:

> In this case, Appellant completed a four-page colloquy on August 10, 2011. Moreover, the court's colloquy with Appellant established that he was made aware of all required aspects in regard to pleading no contest and understood the same.
>
> In hindsight, Appellant now contends that his plea was involuntary or induced because he was diagnosed with schizophrenia and couldn't understand his actions. He also claims that he was unduly pressured by his counsel to accept the plea.
>
> ***
>
> In the instant case, Appellant disclosed his [schizophrenia] diagnosis in both the written and oral colloquy, and subsequently testified that neither his mental illness nor medication interfered with his understanding or his decision to plead *nolo contendere*. Furthermore, Appellant's counsel, having "had extensive conversations about the *nolo contendere* plea," testified to his belief in Appellant's competence.
>
> Furthermore, the Supreme Court of Pennsylvania has held that the diagnosis of schizophrenia combined with the claim of undue pressure from counsel is not grounds for relief. In **Commonwealth v. Fernandez**, 487 Pa. 493 (1980), the Supreme Court upheld the lower court's finding that a schizophrenic prisoner was competent during his colloquy. Additionally, Fernandez's psychiatric report showed "that he might act impulsively under stress," which could lead him to buckle under his counsel's allegedly undue pressure to plead guilty. However, Fernandez's appeal was denied because no evidence was presented "showing that his trial attorney created unusual pressure to plead guilty, nor did Fernandez's conduct at the plea

> proceeding indicate that he was acting impulsively or without understanding. *Id.* at 499.
>
> Lastly, Appellant contends that he was confused during the proceeding because two defendants were being questioned at the same time. A cursory review of the record shows that each defendant was questioned in turn and addressed by name when answering each question. Neither defendant answered out of turn at any point during the proceeding or expressed any confusion about which defendant was being addressed.

Trial Ct. Op., 5/5/16, at 6-7 (citation to Notes of Testimony omitted).

Our review of the certified record, including the Notes of Testimony, confirms the PCRA court's assessment that Appellant's "hindsight refutation of competence is insufficient to overcome his testimony" at the guilty plea hearing. *Id.* at 7. Accordingly, Appellant is not entitled to relief on this issue.

Appellant also claims that the PCRA court erred in concluding that Appellant received effective assistance of counsel because counsel failed to withdraw Appellant's guilty plea after Appellant requested that he do so. Appellant's Brief at 22-23. In his Brief, Appellant does not point to any evidence of record in support of his claim that he asked his trial counsel to withdraw his guilty plea.

With respect to this issue, the PCRA court opined as follows:

> Appellant's argument stems from a letter dated April 13, 2012, seven months after sentencing, stating "I sent [t]rial [c]ounsel a letter several days after sentencing advising I want to withdraw my guilty plea and go to trial." Should such a bald claim contained in a single letter, months after a guilty plea, be permitted to grant relief under the

> [PCRA], Pennsylvania prisons would stand empty. Without any corroborating evidence or supporting documentation of a request to withdraw his guilty plea, Appellant's claim must fail.

Trial Ct. Op. at 7-8.

We agree with the PCRA court that Appellant's bald assertion, made seven months after sentencing, that he asked his trial counsel to withdraw his plea is insufficient to support Appellant's claim that his counsel was ineffective. Appellant is not, therefore, entitled to relief.

In his next issue, Appellant claims that the PCRA court erred in dismissing his Amended PCRA Petition without a hearing. Appellant's Brief tat 16-17. We disagree.

There is no absolute right to an evidentiary hearing, and a PCRA court has discretion to deny a PCRA Petition without a hearing "if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence." *Commonwealth v. Hart*, 911 A.2d 939, 941 (Pa. Super. 2006) (citation omitted). When the PCRA court denies a Petition without an evidentiary hearing, we "examine each issue raised in the PCRA [P]etition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." *Commonwealth v. Khalifah*, 852 A.2d 1238, 1240 (Pa. Super. 2004).

As discussed ***supra***, the PCRA court properly concluded that Appellant's claims of ineffective assistance of trial counsel lacked merit. Moreover, in his Brief, Appellant has not referred this Court to any genuine issues of material fact in controversy with respect to the claims raised. Therefore, since Appellant's claims were frivolous, and without any support in the record or from other evidence, we conclude that the trial court did not err in denying relief without conducting an evidentiary hearing. ***See Hart***, 911 A.2d at 941.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/6/2017